RAILWAY MAIL ASSOCIATION, Appellant, *v.* EDWARD S. CORSI, as Industrial Commissioner of the State of New York, et al., Respondents.

Argued June 13, 1944; decided July 19, 1944.

*Daniel J. Dugan* and *Daniel J. Dugan, Jr.*, for appellant. I. The plaintiff is not a labor organization within the meaning of the Labor Law or the Civil Rights Law. (*Order of Railroad Telegraphers* v. *Railway Express Agency,* 64 Sup. Ct. Rep. 585; *Case Co.* v. *National Labor Relations Board,* 64 Sup. Ct. Rep. 580; *Nat. Lab. Rel. Bd.* v. *Hearst Publications,* 64 Sup. Ct. Rep. 857; *Westchester County S. P. C. A.* v. *Mengel,* 292 N. Y. 121; *United States* v. *Local 807,* 315 U. S. 521; *People ex rel. Doscher* v. *Sisson,* 222 N. Y. 387; *Butts* v. *Valerio Con-*

*struction Co.,* 236 App. Div. 301; *People ex rel. Folk* v. *McNulty,* 256 App. Div. 82; *Metropolitan Savings Bank* v. *Tuttle,* 290 N. Y. 497; *White* v. *Boland,* 254 App. Div. 356; *Burks* v. *Bosso,* 180 N. Y. 341; *Delafield et al.* v. *Brady et al.,* 108 N. Y. 524; *L. S. & M. S. R'y Co.* v. *Roach et al.,* 80 N. Y. 339; *People* v. *Shakun,* 251 N. Y. 107; *Jewish Hospital of Brooklyn* v. *" John Doe ",* 252 App. Div. 581.) II. Section 43 of the Civil Rights Law if applied to the plaintiff would offend the due process and equal protection clauses of both the Federal and the State Constitutions. (*People* v. *Gillson,* 109 N. Y. 389; *People* v. *Marcus,* 185 N. Y. 257; *Ives* v. *South Buffalo Ry. Co.,* 201 N. Y. 271; *Missouri ex rel. Gaines* v. *Canada,* 305 U. S. 337; *Conn. General Co.* v. *Johnson,* 303 U. S. 77; *Radice* v. *New York,* 264 U. S. 292; *Connolly* v. *Union Sewer Pipe Co.,* 184 U. S. 540; *Old Dearborn Co.* v. *Seagram Corp.,* 299 U. S. 183; *Palko* v. *Connecticut,* 302 U. S. 319.) III. The postal system belongs to the Federal Government. (*Johnson* v. *Maryland,* 254 U. S. 51; *Gilbert* v. *Minnesota,* 254 U. S. 341; *Gillespie* v. *Oklahoma,* 257 U. S. 501; *Indian Motorcycle* v. *United States,* 283 U. S. 575; *Arizona* v. *California,* 283 U. S. 423.)

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown, Orrin G. Judd* and *Henry S. Manley* of counsel), for respondents. I. The Labor Law provisions are inapplicable to the present action. (*Matter of Davega-City Radio* v. *Labor Board,* 281 N. Y. 13; *Matter of City of Brooklyn,* 148 N. Y. 107.) II. The plaintiff association is a " labor organization " within the definition in section 43 of the Civil Rights Law. (*Matter* v. *Hagan* v. *Picard,* 171 Misc. 475, 258 App. Div. 771.) III. Section 43 of the Civil Rights Law is constitutional. (*Price* v. *Pennsylvania Railroad Company,* 113 U. S. 218; *Martin* v. *Pittsburgh & Lake Erie R. R. Co.,* 203 U. S. 284; *Houston* v. *Moore,* 5 Wheat. 1; Opinion of Attorney-General, 5 Op. Atty. Gen. 554; *Illinois Central Railroad Co.* v. *Illinois,* 163 U. S 142; *Mississippi R. R. Com.* v. *Illinois Cent. R. R.,* 203 U. S. 335; *United States* v. *Kirby,* 7 Wall. 482; *State of Washington* v. *Wiles,* 116 Wash. 387; *Alward* v. *Johnson,* 282 U. S. 509; *Graves* v. *N. Y. ex rel. O'Keefe,* 306 U. S. 466; *Alabama* v. *King & Boozer,* 314 U. S. 1; *Penn Dairies* v. *Milk Control Comm'n,* 318 U. S. 261.)

LEHMAN, Ch. J.  The plaintiff is a foreign corporation organized under the laws of the State of New Hampshire.  It conducts its affairs through Division and Branch Associations.  Thirteen Branch Associations are located in different parts of the State of New York.  Membership in the Association is confined by the terms of its constitution to " any regular male Railway Postal Clerk or male substitute Railway Postal Clerk of the United States Railway Mail Service, who is of the Caucasian race or a native American Indian."  Section 43 of the Civil Rights Law (added by L. 1940, ch. 9) provides in part that " *no labor organization* shall hereafter, directly or indirectly, * * * deny a person or persons membership in its organization by reason of his race, color or creed * * *."  Violation of the statute is a misdemeanor punishable by fine or imprisonment or both.  The plaintiff has brought an action for a declaratory judgment " that sections 41, 43 and 45 of the Civil Rights Law of the State of New York and the provisions of the Labor Law, * * * do not apply to the plaintiff * * * and that the Railway Mail Association is not a labor organization within the meaning or contemplation of such laws."  The plaintiff also asks the court to declare " that if sought to be applied to the plaintiff herein such laws are in contravention to the Constitution of the United States, Article I, Section 8. Subdivision 7, and of Articles Fifth and Fourteenth of the amendments to said Constitution and to the provisions of Section 6 of Article I of the Constitution of the State of New York."  As " consequential relief " the plaintiff asks that " the Industrial Commissioner of the State of New York be enjoined from taking any action or procedure against the plaintiff or its Division or Branch Associations within the State of New York. or the officers or members thereof ".

The defendants have admitted all the allegations contained in the complaint except the allegation that the plaintiff is not a " labor organization " within the meaning of the statute.  The issues raised by the pleadings were by stipulation of the parties submitted to the court at Special Term " as though upon a motion by the plaintiff for summary judgment as prayed in the complaint, and upon a cross-motion by the defendants that the complaint be dismissed."  No testimony was offered at the hearing and no affidavits were submitted but the parties

stipulated that specified documents, books and pamphlets may be considered as exhibits. At Special Term the plaintiff prevailed and judgment in its favor was granted declaring that " plaintiff is not a labor organizaiton within the meaning or contemplation of Sections 41, 43 and 45 of the Civil Rights Law of the State of New York nor within the meaning and contemplation of Article 20 of the Labor Law of said State " and enjoining the Industrial Commissioner " from taking any action or procedure to apply or enforce " these statutes. The Appellate Division unanimously reversed on the law the judgment in favor of the plaintiff and granted judgment in favor of the defendants dismissing the complaint. The dismissal of the complaint is based upon the conclusion of the court that the provisions of section 43 of the Civil Rights Law apply to the plaintiff Association and may be enforced against it by the Industrial Commissioner. If we agree with that conclusion we need not consider whether, if section 43 of the Civil Rights Law did not apply to it, the plaintiff could obtain in an action for a declaratory judgment the relief it demands.

Section 43 of the Civil Rights Law, which forbids a " labor organization " to deny membership to a person by reason of his race, color or creed, provides its own definition of the term " labor organization ". *As used in that section,* the term " labor organization " means any organization " which exists and is constituted for the purpose, in whole or in part, of collective bargaining, *or of dealing with employers concerning grievances, terms or conditions of employment, or of other mutual aid or protection.*" The purpose for which the plaintiff is constituted, as formulated in its charter, is " to conduct the business of a fraternal beneficiary association for the sole benefit of its members and beneficiaries and not for profit; to promote closer social relationship among Railway Postal Clerks; *to better enable them to perfect any movement that may be for their benefit as a class* or for the benefit of the Railway Mail Service; to provide relief for its members and their beneficiaries and make provisions for the payment of benefits to them, in case of death, sickness, temporary or permanent physical disability, either as a result of disease, accident or old age." (Italics through this opinion are supplied.)

The purpose of " collective bargaining " is not included in the objects for which the plaintiff exists and is constituted. Membership in the plaintiff is confined to mail clerks who are civil service employees and the plaintiff and the defendants agree that the terms and conditions of employment of civil service employees of the Post Office and of other departments or agencies of the Federal, State or City government must be fixed by governmental authority and not by collective bargaining. The purpose of " mutual aid or protection " and, in proper case, of discussing grievances with their employer and presenting demands or suggestions of their members *as a class,* is included by plain implication in the purposes set forth in the charter. Indeed, among the duties of the Industrial Secretary of the organization, prescribed in its constitution, is the duty to " assist in the presentation of grievances pertaining to service conditions and endeavor to secure adjustment of such through administrative action." The plaintiff joined the American Federation of Labor, which purports to be a federation of labor unions. It is denominated a labor union in the Bulletin of the Department of Labor of the United States. It is described as a trade union or labor organization in publications and reports concerning phases of the labor movement by students and organizations of recognized authority, including a recent publication of the Twentieth Century Fund. In its own publications the plaintiff Association claims the credit for bringing " to every railway postal clerk many material benefits " and for " many additional millions of dollars brought to the pockets of railway postal clerks each year by the efforts of the Association," and it points out that " reforms always come as the result of demands from the worker. If better conditions are worth securing, they must come as the result of organized effort." An association constituted for the purpose of " organized effort " and the presentation of concerted demands of workers as a class in order to secure material benefit and reforms in conditions of employment is a " labor organization " both in common parlance and as defined in section 43 of the Civil Rights Law.

That is true though the association may exist and be constituted " in part " for other purposes. In this case the plain-

tiff Association conducts, pursuant to its charter, " the business of a fraternal beneficiary association for the sole benefit of its members and beneficiaries and not for profit " and it furnishes insurance at cost to its members. Pursuant to its charter and ritual the plaintiff also seeks " to promote closer social relationship among Railway Postal Clerks " or rather among white Railway Postal Clerks eligible for membership in its Association. If these were its only objects it would not be a labor organization and would be free to admit to or exclude from membership such persons as it chose, for good reason, for bad reason or for no reason, but it is undisputed that its objects are not so limited. Indeed, in its own publication it has said: " The activity of the Association is directed along two distinct lines, promoting the welfare of railway postal clerks *by improving conditions under which they work,* and providing benefits for disability and death due to accidental means." To carry out the second activity within the State of New York, the plaintiff Association applied for and received permission to do so from the Superintendent of Insurance, though he ruled that no license was necessary. The fact that the Association is lawfully providing insurance within the State for its members does not tend to show that its members are not associated in an organization which exists and is constituted " in part " for objects which mark it as a " labor organization " as defined in the Civil Rights Law.

The plaintiff Association successfully urged at Special Term that the definition in the Civil Rights Law must be read in connection with the provision of article 20 of the Labor Law entitled " New York State Labor Relations Act " and that so read the Association is excluded from its terms. Article 20 of the Labor Law is enacted primarily as an appropriate measure for the " protection by law of the right of employees to organize and bargain collectively " (Labor Law, § 700). Like section 43 of the Civil Rights Law, article 20 of the Labor Law provides its definition " *when used in this article* " of the term " labor organization " and other terms. (§ 701.) The words " when used in this article " show a legislative intent to create special definitions of limited application which are not to be enlarged or restricted by other definitions of the same terms contained in other statutes or in other parts of the Labor Law.

(*Met. Life Ins. Co.* v. *Labor Relations Board,* 280 N. Y. 194.)

The definitions of " labor organization " in section 43 of the Civil Rights Law and in article 20 of the Labor Law are the same except in one clause and the variation is not here material. The contention of the plaintiff Association is not based upon that variation. Its reliance is upon section 715 of the Labor Law which provides: " The provisions of this article shall not apply to the employees of any employer who concedes to and agrees with the board that such employees are subject to and protected by the provisions of the national labor relations act or the federal railway labor act or to employees of the state or of any political or civil subdivision or other agency thereof, or to employees of charitable, educational or religious associations or corporations."

The purpose of section 715 is expressed in plain language. It does not purport to change the definition of the term " labor organization." It does not in terms or in effect prohibit the formation of labor organizations as so defined among the employees of any employer, but it does exclude *from the application of article 20* of the Labor Law the employees in specified employments and it denies to such employees, whether members of labor organizations or not, the benefit of the provisions of the statute devised for " the protection of employees' right to organize and bargain collectively." The exclusion of some categories of employees from the application of the statute constitutes a legislative determination that the " public policy of the state " as " declared " in the same article would not be promoted by " encouraging the practice and procedure of collective bargaining " by government employees. The grounds for that determination are plain. Section 43 of the Civil Rights Law is intended to promote the public policy securing equality of industrial opportunity for workers, regardless of race, creed or color. There is no indication either in the Civil Rights Law or in the Labor Law that categories of workers who are not entitled to avail themselves of the benefit of the provisions of a statute enacted for the protection of a right of collective bargaining may not lawfully form " labor organizations " for their " mutual aid or protection " in their employment and for the presentation of their grievances as a class and of demands for

reform in the terms and conditions of their employment, nor is there anything in the Civil Rights Law which suggests that workers within categories excluded from the application of the State Labor Relations Act are also excluded from the application of the Civil Rights Law.

There remains only the question whether a statute intended to restrict discrimination in membership by labor organizations is constitutional if applied to the plaintiff Association. The plaintiff does not challenge the validity of a statute which would prohibit such discrimination by " labor organizations " to which the provisions of article 20 of the Labor Law apply. It challenges the validity of the statute, if construed in manner broad enough to include the plaintiff in its scope, on the ground that the exclusion of categories of workers from the application of article 20 and their inclusion in the application of section 43 would create " arbitrary, capricious and unreasonable classifications " and would deny to the plaintiff organization the equal protection of law guaranteed by the Fourteenth Amendment of the Federal Constitution and would deny to the plaintiff due process of law. The plaintiff challenges the validity of the statute also on the ground that it constitutes an intrusion by the State into the field of postal service which under the Constitution is within the sole jurisdiction of the government of the United States.

The plaintiff in its brief makes abundantly clear the grounds upon which the Legislature might reasonably deny to civil service workers in the employ of a governmental unit the benefit of a statute intended for the protection of the right of workers in other employment to bargain collectively with their employers. In its own official publications the plaintiff also makes abundantly clear the grounds upon which the categories of workers excluded from the application of the provisions of article 20 of the Labor Law may reasonably be included in the application of the provisions of the Civil Rights Law designed to give workers of every race, creed or color equality of opportunity to join organizations intended for collective action to improve the condition of employment of the workers. In its official magazine, " Railway Post Office," the plaintiff published an article by its Industrial Secretary in which it said: " Only through collective action have workers ever improved wage and

working standards. And it is particularly true today that the worker either in industries or *the government service* who is not a member of his group organization is merely an unheard voice crying in the wilderness." Whether or not these statements are wholly accurate is immaterial. At least they are not without foundation and the Legislature does not act arbitrarily or capriciously when it determines that no association of workers, whether in industry or in the civil service, which undertakes to speak and act collectively for such workers in improving wages and working standards may deny membership to a worker because of race, creed or color relegating him to the wilderness where he must cry unheard.

The statute so construed does not impinge upon the powers of the Federal Government to conduct the mail service. The United States Government has recognized the right of mail clerks to organize for collective action in the presentation of grievances though not for collective bargaining. A statute in general terms which prohibits all labor organizations within this State, including organizations of workers in government service, from discriminating on the ground of race, creed or color violates no public policy of the United States, does not interfere with or impede any government service and invades no field from which the State is excluded by the Constitution.

The judgment should be affirmed, with costs.

LOUGHRAN, RIPPEY, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur.

Judgment affirmed.