Bernard Botein, J.
This motion by the Transport Workers Union of America against the trustees of Columbia University seeks, in effect, to compel the university to bargain collectively with the union. The theory on which the union proceeds is that the provision of section 17 of article I of the Constitution of the State of New York that “ Employees shall have the right to organize and to bargain collectively through representatives of their own choosing ” imposes upon the university the affirmative duty of bargaining collectively with the representatives of the employees.
In Matter of Columbia Univ. v. Herzog (269 App. Div. 24, affd. without opinion 295 N. Y. 605) the Appellate Division in this department held that the New York State Labor Relations Board had no power to issue an order directing Columbia University to bargain collectively with a union, because section 715 of the New York State Labor Relations Act expressly excepted from the scope of article 20 of the Labor Law 1 ‘ employees of charitable, educational or religious associations or corporations ”. Plaintiff concedes that under this decision the State Labor Relations Board has no power to compel the university to bargain collectively with the plaintiff; but he argues that the university is under a duty, by virtue of the above-quoted constitutional provisions, to bargain collectively with the plaintiff, and that this duty may be enforced by the courts. The language of Judge Untermyer, writing for the Appellate Division in the cited case, indicates clearly, however, that the court was of the opinion that there was no duty on the part of the university to bargain collectively with the union, notwithstanding the constitutional provision relied upon by plaintiff. Thus, at page 27, in discussing the possible reasons for the exclusion of educational, religious and charitable organizations from the operation of the Labor Relations Act, the court said: “It may be that the Legislature, in excluding employees of such organizations together with employees of the State and its political and civil subdivisions, considered that the character of such employers, not engaged in industry with any motive or prospect of personal gain, was sufficient assurance of fair dealing with their employees to render unnecessary the protection of the Labor Relations Act. The Legislature may also have been animated by the traditional policy of stimulating religious, charitable and educational contributions.”
The Appellate Division reasoned that if the university was not subject to the State Labor Relations Act, it was under no duty to bargain collectively with the union; and that any collective bargaining it might engage in with the union would be *433 purely voluntary on its part. The court (p. 30) rejected the suggestion that “ our conclusion might render doubtful the constitutionality of section 715 as in derogation of article I, section 17, of the State Constitution,” and said in that connection: 11 That constitutional amendment was not intended to invalidate existing legislation which imposed a duty on employers to bargain collectively with employees even though that obligation by reason of certain exemptions or exceptions was not in all respects co-extensive with the rights of labor.”
The court quoted at pages 28 and 29 from Railway Mail Assn. v. Corsi (293 N. Y. 315) where the Court of Appeals used the following language: “‘The exclusion of some categories of employees from the application of the statute constitutes a legislative determination that the “ public policy of the state ” as “ declared ” in the same article would not be promoted by ‘ ‘ encouraging the practice and procedure of collective bargaining ” by government employees.’ ”
It is evident that the constitutional provision guaranteeing employees the right to organize and bargain collectively through representatives of their own choosing does not cast upon all employers a correlative obligation. The constitutional provision was shaped as a shield; the union seeks to use it as a sword. The duty of the employer to bargain collectively must be found in the provisions of article 20 of the Labor Law, and does not extend to those who are expressly excepted from the scope of that article.
The constitutional provision was intended to protect employees against legislation or acts which would prevent or interfere with their organization and choice of representatives for the purpose of bargaining collectively. No violation of the constitutional provision by Columbia University is shown to have occurred. It is not the university which is seeking to enjoin the plaintiff union from picketing or from otherwise attempting to obtain recognition at the hands of the university. It is the union which is seeking to compel the university to bargain collectively with it. As no such positive duty has been imposed upon the university by the constitutional provision relied on by the plaintiff union, and as the State Labor Relations Act, which does impose a duty of collective bargaining, is inapplicable to the university, the motion for a temporary injunction must be denied.
Motion denied.