WESTERN NEW YORK WATER COMPANY, Appellant, v. ERIE COUNTY WATER AUTHORITY et al., Respondents.— 
Memorandum: We agree entirely with the statement of the Special Term that the words " preliminary expenses " as used in subdivision 5 of section 1053 of the Erie County Water Authority Act (L. 1950, ch. 804) means " all expenses of the Authority up to the time of the actual payment of the purchase price of the property but not covering any part of said purchase price." If there was a doubt of the meaning of those words that question has been settled by the amendment to the subdivision (L. 1952, ch. 719) which provides that " the preliminary expenses of the authority incurred in the exercise of the powers conferred upon it by this title * * * shall include among other costs, the costs incurred by the authority for administrative, engineering, accounting and legal services." We also agree that the act does not offend against the provisions of the New York State Constitution. We do not think that *Village of Kenmore* v. *County of Erie* (252 N. Y. 437) or *Gaynor* v. *Marohn* (268 N. Y. 417) are in point. But assuming that they were in point, they were both decided prior to the 1938 amendments to the Constitution. Section 1 of article VIII does not prohibit the county from loaning its money to a public corporation; it is prohibited from loaning its credit to any corporation. Further, section 3 of article XVII is direct authority for the Legislature to enact the statute in question for the " protection and promotion of the health of the inhabitants of the state ". As we agree with the Special Term that the amended complaint does not state a cause of action, we pass on no other question. All concur. (Appeal from judgment and order dismissing the amended complaint in a taxpayer's action. The order granted defendants' motion to dismiss.) Present — Taylor, P. J., McCurn, Kimball, Piper and Wheeler, JJ.