In the Matter of ERIE COUNTY WATER AUTHORITY, Petitioner, against JAY KRAMER et al., Individually and Constituting the New York State Labor Relations Board, et al., Respondents.

Supreme Court, Special Term, Erie County, July 27, 1955.

*Melvin L. Bong* and *Laurence J. Olmsted* for petitioner.

*Philip Feldblum* and *Salvatore N. Valvo* for Jay Kramer and others, respondents.

*Richard Lipsitz* for Utility Workers Union of America, Local No. 360, C. I. O., respondent.

REGIS O'BRIEN, J. This is an application by the petitioner under article 78 of the Civil Practice Act for an order restraining the New York State Labor Relations Board (hereinafter referred to as the Board) from exercising jurisdiction in a proceeding pending before the Board, in which the petitioner is charged with an unfair labor practice.

The petitioner was created under the Erie County Water Authority Act (L. 1949, ch. 845; Public Authorities Law, art. 5, tit. 3). That act was repealed by the law re-enacted in 1950 (L. 1950, ch. 804), effective April 20, 1950, but it was therein provided that such repeal was not to be " deemed a dissolution of the corporate existence of the Erie county water authority or a revocation of the creation of the Erie county water authority

district " theretofore created pursuant to the act being repealed.

The law creating the Authority states, in part, that " the authority is and will be performing an essential governmental function in the exercise of the powers conferred upon it by this title." (Public Authorities Law, § 1053, subd. 4.)

The petitioner was declared by the courts to be an agent of the State (*Western N. Y. Water Co.* v. *Erie Co. Water Auth.*, 305 N. Y. 758, affg. 279 App. Div. 1132).

On December 23, 1953, the petitioner acquired the operating plant and property of Western New York Water Company by appropriate condemnation proceedings. At that time fifty-two of its employees were members of the respondent, Utility Workers Union of America, Local No. 360 C. I. O. (hereinafter referred to as Union). Under section 1059 of the Public Authorities Law they became employees of the petitioner pursuant to an appropriate resolution adopted December 15, 1953.

The Union, as the bargaining agent for said employees, on January 15, 1954, filed a charge with the Board alleging that the petitioner was guilty of unfair labor practices under the provisions of the New York State Labor Relations Act (Labor Law, § 704, subd. 6), in refusing to bargain collectively with the Union. Over the petitioner's objection as to its jurisdiction, the Board held a hearing upon said charge for the purpose of determining that question. The petitioner appeared specially. The Board held that it had jurisdiction and referred the matter to its regional attorney for investigation as to the merits of the charge filed by the Union. On April 5, 1955, the Board issued its complaint against the petitioner charging that it had refused to bargain collectively with the Union and " thereby engaged in and is engaging in unfair labor practices within the meaning of section 704, subdivision 6 of the Act." The petitioner in this application seeks to have any further action in that proceeding enjoined for lack of jurisdiction of the Board.

The Union and the Board contend that the Authority is obligated to bargain collectively because of the language of section 1059 of the Public Authorities Law, which provides for the " Transfer of officers and employees " of the Western New York Water Company, which company's property and equipment were acquired by the petitioner in condemnation proceedings, following the disposition of the issues litigated in the action of *Western N. Y. Co.* v. *Erie Co. Water Auth.* (*supra*).

Said section provides, in part, that " Any public officer or employee under civil service, selected by the authority may, with the consent of the commission, board or department by

which he or she has been employed, be transferred to the authority and shall be eligible for such transfer and appointment without examination to comparable offices, positions and employment under the authority.'' One of the sentences of the section states: '' The authority shall be deemed an employer within the meaning of the state labor relations law.''

The Union and the Board contend that the Legislature intended to and did, by the wording of said sentence, make the Authority subject to the provisions of the State Labor Relations Law. The court cannot agree with that conclusion. The public policy of the State relative to its employees in the provisions of the Civil Service Law and the Labor Law should not be changed by implication.

Neither respondent maintains that the employees of the petitioner are not subject to the provisions of the Civil Service Law. They do claim, however, that the few employee members of the Union who were transferred to the Authority have been made subject to the provisions of article 20 of the Labor Law. This article is commonly called the New York State Labor Relations Act. It was added to the Labor Law in 1937 (L. 1937, ch. 443). The law provides in section 715 '' The provisions of this article shall not apply   *   *   *   to employees of the state or of any political or civil subdivision or other agency thereof ''.

In discussing the provisions of section 715 of the Labor Law our Court of Appeals in its unanimous decision in the case of *Railway Mail Assn.* v. *Corsi* (293 N. Y. 315, 322), later affirmed by the United States Supreme Court (326 U. S. 88), said: '' The purpose of section 715 is expressed in plain language. It does *not purport to change the definition of the term* ' labor organization.' It does not in terms or in effect prohibit the formation of labor organizations as so defined among the employees of any employer, but it does exclude *from the application of article 20* of the Labor Law the employees in specified employments and it denies to such employees, whether members of labor organizations or not, the benefit of the provisions of the statute devised for ' the protection of employees' right to organize and bargain collectively.' The exclusion of some categories of employees from the application of the statute constitutes a legislative determination that the ' public policy of the state ' as ' declared ' in the same article would not be promoted by ' encouraging the practice and procedure of collective bargaining ' by government employees.''

Although employees have the constitutional right to organize (N. Y. Const., art. I, § 17), it does not follow that all employers

must bargain collectively with them if they do organize. Certain employers are exempted from the obligations of the Labor Law under the provisions of section 715. Among those so exempted are " employees of the state * * * or * * * agency thereof ". The Court of Appeals (1945) held such exemption lawful in respect to an educational corporation and upheld its refusal to bargain collectively with a union, as ordered to do so by the New York State Labor Relations Board. (*Matter of Columbia Univ.* v. *Herzog*, 269 App. Div. 24, affd. without opinion, 295 N. Y. 605.)

In another and later case (1952) involving the same university but a different union, the court at Special Term in New York held to the same effect (*Quill* v. *Eisenhower*, 113 N. Y. S. 2d 887). Mr. Justice BOTEIN's memorandum in the last above-cited case states (p. 889): " It is evident that the constitutional provision guaranteeing employees the right to organize and bargain collectively through representatives of their own choosing does not cast upon all employers a correlative obligation." His opinion then continues: " The duty of the employer to bargain collectively must be found in the provisions of Article 20 of the Labor Law, and does not extend to those who are expressly excepted from the scope of that article."

It is apparent that the petitioner, being a State agency, is exempted from the provisions of article 20 of the Labor Law, hence the application of the petitioner is granted.

Submit order accordingly.