*103
 
 Chief Judge Desmond.
 

 Andrew Salter, who has been a pracr tioing psychologist for many years, asked in this proceeding that the court order respondent New York State Psychological Association, Inc., to admit him to membership. The grounds for relief advanced by petitioner were: that he is a qualified and successful practitioner certified since 1959 by the State of New York under article 153 of the Education Law; that respondent is the most important association of psychologists in the State numbering among its members most of the psychologists in the State and acts as spokesman for the profession and that membership therein is “ a tangible thing of value” to any psychologist. The petition asserts, too — although this is denied and the contrary was found below—that respondent’s by-laws call for the admission to membership of all qualified psychologists and that respondent in 1959 invited petitioner to join but later denied his application.
 

 In answer respondent points out that it is not a public or governmental body but a private corporation governed by its own by-laws. One of those by-laws (art. Ill, §
 
 %)
 
 makes it a condition for admission to membership that the applicant ‘‘ have completed at least two years of graduate work in psychology in a recognized graduate school or one year of graduate study plus one year of experience in professional work that is psychological in nature ”. Petitioner has not taken any postgraduate work and his only college degree is that of Bachelor of Science. The by-law above described contains another subdivision authorizing acceptance into membership -‘ In exceptional cases ’ ’ of persons not possessing the educational qualifications but nonetheless deemed qualified provided the Board of Directors by a two-thirds vote so determines. The Board of Directors (thrice) declined to do so in petitioner’s case.
 

 The principal law issue is as to whether the association is in such a monopolistic position or is so nearly an arm of the State itself that equal protection and due process constitutional requirements make it unlawful for it to reject qualified and certified applicants. Before taking up that law issue, we should first dispose of petitioner’s factual contention that the association itself had by official action decided to admit all State-certified psychologists and had invited petitioner himself to apply for membership. Special Term found to the contrary,
 
 *104
 
 writing this: ‘ ‘ The petitioner received through the mails a circular soliciting applications for membership. He contends this was equivalent to an election thereto. It was no such thing. At best, it was only an invitation to apply for membership pursuant to the association rules ”. The Appellate Division, affirming without opinion, presumably concurred in this finding and it is well based in the record. What petitioner describes as an
 
 “
 
 invitation ” to join was a circular letter addressed to petitioner and all other certificate holders notifying them that as such they had already met the
 
 ‘ ‘
 
 basic eligibility requirements for membership in the State Association ”. Enclosed with this letter was, however, an information sheet and an application blank which alluded to the requirement o
 
 f
 
 graduate academic work in psychology ”. The by-laws, contrary to the allegation in the petition, have never been amended to eliminate this standard. We agree with the courts below that it was never waived as to petitioner.
 

 Since, therefore, respondent’s directors were under no duty to accept petitioner’s bid although they could have done so in their discretion, authority to dismiss the petition would ordinarily be found in the decisions which deny mandamus-type relief as to such discretionary matters
 
 (Matter of Gimprich
 
 v.
 
 Board of Educ. of City of N. Y.,
 
 306 N. Y. 401). However, petitioner’s demands for what he considers to be “ equal protection ” and “ due process ” rights call for further examination.
 

 Petitioner’s claims of constitutional deprivations are summarized in these statements from his brief:
 

 “ The association is in effect the State and, therefore, its unreasonable and arbitrary refusal of membership to petitioner is State action and consequently a violation of the equal protection and due process clauses of the Fourteenth Amendment to the Constitution of the United States.
 

 “ The association as spokesman and representative for all psychologists in New York has monopoly power over the profession and cannot restrict the professional activities and diminish the reputation of an applicant by unreasonably and arbitrarily excluding him from membership.”
 

 We will assume that if the factual matters in those statements were established as factual truths, the application thereto of the cited legal principles would follow (see discussion in
 
 Railway
 
 
 *105
 

 Mail Assn.
 
 v.
 
 Corsi,
 
 293 N. Y. 315, affd. 326 U. S. 88). But there is no showing in this record that respondent association is “in effect the State ” or that it has “monopoly power over the profession ” or that its refusal to accept petitioner was “ arbitrary or unreasonable Let us take up first the last of those allegations, that is, the charge of arbitrariness and unreasonableness in the rejection of petitioner’s application. Petitioner, although a psychologist of repute, has not only never had graduate study in that science or branch of learning but has never passed a State examination. Until the enactment in 1956 of new article 153 of the Education Law, there was no official certification of psychologists in New York State (see Judge Froessel’s instructive opinion in
 
 National Psychological Assn.
 
 v.
 
 University of State of N. Y.,
 
 8 N Y 2d 197). The new article, unlike other statutory schemes for controlling other professional groups, “is a certification rather than a licensing law, i.e., it does not prohibit anyone from rendering psychological services, but proscribes the professional use by noncertificants of the title ‘ psychologist ’ and its derivatives, for remuneration ”
 
 (National Psychological Assn,
 
 opinion,
 
 supra,
 
 p. 200). Lack of certification limits the practice of noncertificants since they are not allowed to use the title “ psychologist ” in offering their services to the public (Education Law, § 7601). Significantly, the new statutes themselves require (for certification of persons who have not previously practiced as psychologists) an even higher standard than that imposed by respondent’s by-law. Section 7605 of the Education Law prescribes for certification of such a new-pledged psychologist that, before even taking the examination, he must have received a doctoral degree based on studies of primarily psychological content in an approved graduate program (plus two years’ experience). Petitioner gained State certification without examination or graduate study by the application to him of a “ grandfather clause ” (§ 7605, subd. 5) which excused from these requirements one who had practiced psychology for at least 12 years prior to July, 1958. Respondent’s demands of its members, being less rigorous than those of the State itself, could hardly be held to be arbitrary or unreasonable as matter of law. Petitioner puts reliance on
 
 Falcone
 
 v.
 
 Middlesex County Med. Soc.
 
 (34 N. J. 582 [1961]) but the
 
 Falcone
 
 opinion (of which more hereafter) was careful
 
 *106
 
 to say (p. 598) that the New Jersey court would sympathetically support “ action which is designed to advance medical science or elevate professional standards ” while striking down action having no relation to such elevations or advances.
 

 Petitioner’s next assertion is that “ The association is in effect the State ” and its action, therefore, “ State action If this were so, the by-law’s limitation, although not in itself unreasonable as a prerequisite, might be illegal as against the fact of State certification. But the attempt to identify this private corporation with the State is farfetched. It stands on these facts: of the 17 members of the statutory (see Education Law, § 7604) Advisory Council, which aids in formulating State policies, 8 are members of respondent’s Board of Directors; respondent association works closely with the Advisory Council in setting up recommendations as to unprofessional conduct, etc., and in proposing revisions to article 153 of the Education Law; respondent association in its publications boasts that it is exercising leadership “ in this state-wide poll of all psychologists ”. All these together, argues petitioner, add up to “ State action ’ ’ and make respondent a “ State agency ”, citing such cases as
 
 Nixon
 
 v.
 
 Condon
 
 (286 U. S. 73). We do not agree. Petitioner’s showing of co-operation between this professional group and the State’s own Advisory Council falls well short of the
 
 Nixon
 
 case’s test : ‘‘ whether they [political party committee] are to be classified as representatives of the State to such an extent and in such a sense that the great restraints of the Constitution set limits to their action” (286 U. S., supra, p. 89). Co-operation and leadership, advice and reliance on advice — these are shown, but not shown is delegation by or agency of the State.
 

 The last of petitioner’s relied-on “ facts ” is that the association “has monopoly power over the profession ”, but even petitioner sees that “ monopoly ” as operating only to “ restrict the professional activities and diminish the reputation” of nonmembers. As to downgrading of petitioner’s reputation, exclusion from any selective group of high-standard professionals leaves the rejected one® without desired kudos and prestige — but no court has ever taken it on itself to review such selections. As to nonmembership in respondent association
 
 *107
 
 restricting petitioner’s professional activities, there is just no proof at all.
 

 The courts, it seems, interfere in such matters only when there is a showing of “ economic necessity ” for membership. Typical of such interventions is the
 
 Falcone
 
 case (34 N. J. 582,
 
 supra).
 
 Dr. Falcone, although his ethics, competence and experience were undisputed, and although be met all the requirements of the by-laws, failed of admission to his county medical society because there was applied to him ‘ ‘ an unwritten membership requirement of four years of study at a medical college approved by the A. M. A.” (opinion, p. 586). The Supreme Court of New Jersey ordered him admitted to membership because he proved both monopoly and economic necessity. He could not “ successfully continue his practice of surgery and obstetrics ’ ’ without
 
 “
 
 the use of local hospital facilities ” (opinion, p. 587) and the local hospitals would not (and could not if they were to keep their own accreditations) allow him to remain on their staffs after he had been refused membership in the county medical society. The New Jersey courts on this whole picture could do no less than order the medical society to take him in.
 

 A word about the New York decisions cited by petitioner.
 
 People ex rel. Bartlett
 
 v.
 
 Medical Soc. of County of Erie
 
 (32 N. Y. 187) is authority for the use of mandamus as a remedy but it is otherwise irrelevant. The
 
 Bartlett
 
 case was decided in 1865 at a time when applicable statutes (Rev. Stat. of N. Y., part I, ch. XIV, tit. VII, §§ 1, 2, 17, 34 [1 Rev. Stat. (4th ed.) 856]) decreed that no one not a member of the local medical society could practice as a physician. Bartlett, fulfilling all the stated requirements, was accepted as a county society member, then immediately expelled because of alleged unethical conduct before admission. The holding of this court was that the expulsion contravened the organization’s own by-laws.
 
 Matter of Rice
 
 v.
 
 Flushing Hosp.
 
 (266 App. Div. 689) is even more wide of the mark since it upheld only the right of a layman to become a member of a hospital association, once he showed conformity to the by-laws. There is no decision in New York (or elsewhere to our knowledge, see survey of all the cases at 89 A. L. R. 2d 964) which even looks toward court interposition in a case like the present one.
 

 
 *108
 
 The order should he affirmed, with costs.
 

 Judges Dye, Fuld, Van Voorhis, Burke, Scileppi and Bergan concur. , . , ,
 

 Order affirmed.