Samuel J. Silverman, J.
This is a motion to dismiss the complaint under CPLR 3211 (subd. [a], par. 7) for failure to state a cause of action.
■The complaint alleges that plaintiffs are members of the faculty of St. John’s University and as such are employees of the University. Plaintiffs are members of a labor union called United Federation of College Teachers, Local 1460, AFL-UIO, hereinafter referred to as UFCT, or Union, and two of the plaintiffs are president and secretary of the St. John’s University Chapter of UFCT. Defendant is the president of the University.
The complaint alleges that the defendant University has discriminated against plaintiffs and against their Union UF'CT in favor of a rival organization called the St. John’s Chapter of the American Association of University Professors (AAUP); that after refusing to recognize AAUP for over a year, defendant shortly after being informed of the formation of plaintiffs’ Union, formally recognized the rival organization AAUP, permitted it to meet on defendant’s campus and to distribute its literature directly through the mailboxes located on defendant’s premises and to meet with defendant’s officers while refusing to afford these facilities and meetings to plaintiffs’ Union UFCT. The complaint further alleges that on December 15, 1965, defendant attempted to and did suspend 21 members of its faculty, including all of the plaintiffs, all of whom were then members of plaintiffs’ Union, and notified each individual plaintiff that his employment contract would be terminated effective on varying dates. The complaint further alleges that the defendant discriminated against the plaintiffs in regard to tenure of employment -and conditions of employment because of plaintiffs’ membership in their Union and espousal of the process of collective, bargaining, and that this conduct is in derogation of the plaintiffs’ right to organize and choose representatives for the purpose of collective bargaining and prevents and interferes *631 with the right of the Union to organize employees and represent them for the purposes of collective bargaining.
The complaint seeks judgment directing defendant to restore plaintiffs to active service; to offer to plaintiffs a new contract on nondiscriminatory terms; to cease and desist from discriminating against plaintiffs; to grant to plaintiffs’ Union all rights and privileges accorded to other organizations of which defendant’s employees are members, and for other relief.
Since 1938 the Constitution of the State of New York has provided: “Employees shall have the right to organize and to bargain collectively through representatives of their own choosing”, (art. I, § 17.)
Plaintiffs base their claim on this constitutional provision. Defendant contends that its status as a nonprofit educational institution makes it exempt from the requirements that plaintiffs seek to impose. In particular, defendant points to section 715 of the Labor Law which is part of the State Labor Relations Act. Section 715 explicitly provides: “ The provisions of this article [State Labor Relations Act] shall not apply to * * * (3) employees of any charitable, educational or religious association or corporation, no part of the net earnings of which inures to the benefit of any private shareholder or individual ’ ’.
' It is clear that by virtue of the provisions of section 715 defendant is exempt from the jurisdiction of the State Labor Relations Board, notwithstanding the provisions of the State Constitution (Matter of Columbia Univ. v. Herzog, 269 App. Div. 24 [1945], affd. 295 N. Y. 605 [1945]).
It does not necessarily follow that the scope of the constitutional provision is no broader than the definition of section 715 of the Labor law. Nor is it clear that the constitutional provision is only a statement of policy without binding force except as implemented by legislation.
In Quill v. Eisenhower (5 Misc 2d 431 [1952, Sup. Ct. N. Y. County]), a labor union sought a temporary injunction against the Trustees of Columbia University, in effect to compel the University to bargain collectively with the Union. The court, on the authority of the Matter of Columbia TJniv. v. Herzog (supra), denied the motion. But in his opinion, Mr. Justice Botbxx indicated that the constitutional provision imposes some obligations apart from and additional to those contained in the State Labor Relations Act. He said (p. 433): “ It is evident that the constitutional provision guaranteeing employees the right to organize and bargain collectively through representatives of their own choosing does not cast upon all employers a correlative obligation. The constitutional provision was shaped *632 as a shield; the union seeks to use it as a sword. The duty of the employer to bargain collectively must be found in the provisions of article 20 of the Labor Law, and does not extend to those who are expressly excepted from the scope of that article.
‘ ‘ The constitutional provision was intended to protect employees against legislation or acts which would prevent or interfere with their organization and choice of representatives for the purpose of bargaining collectively. No violation of the constitutional provision by Columbia University is shown to have occurred. It is not the university which is seeking to enjoin the plaintiff union from picketing or from otherwise attempting to obtain recognition at the hands of the university. It is the union which is seeking to compel the university to bargain collectively with it. As no such positive duty has been imposed upon the university by the constitutional provision relied on by the plaintiff union, and as the State Labor Relations Act, which does impose a duty of collective bargaining, is inapplicable to the university, the motion for a temporary injunction must be denied.’ ’
In the case at bar, on the other hand, although the employees are plaintiffs and seek affirmative relief, that affirmative relief is in a sense sought defensively. Plaintiffs say that it is the University which is seeking to prevent them from attempting to obtain recognition at the hands of the University, and is seeking to prevent and interfere with the right of the employees to organize and to bargain collectively through representatives of their own choosing. For the purposes of this motion, the court must assume these statements to be true, and bearing in mind the liberalized rules of pleading under CPLR, I do hot think enough has been shown to warrant dismissing the complaint on its face at this stage of the proceedings.
It may well be that plaintiffs are not entitled to the specific relief which they seek (cf. Balsan v. Sanitary Dist. No. 7, Town of Hempstead, 234 N. Y. S. 2d 4 [Sup. Ct. Nassau County, 1962]), but if plaintiffs may be entitled to some kind of relief, the fact that they ask for the wrong relief is immaterial for the purposes of this motion.
The motion to dismiss the complaint is denied.