■ In the Matter of LIDIA JELENEVSKY et al., Respondents, v JOYCE LEONAKIS et al., Appellants. [651 NYS2d 597] —In a proceeding pursuant to CPLR 7511 to vacate an arbitration award, the appeal, as limited by the appellants' brief, is from so much of an order of the Supreme Court, Rockland County (Bergerman, J.), dated January 12, 1996, as granted the respondents' application to vacate the arbitrator's award.

Ordered that the order is affirmed insofar as appealed from, with costs.

Although courts generally will not interfere with the judgment of arbitrators, an arbitration award is "not to be confirmed without question where there is evidence of misconduct prejudicing the rights of the parties" (*Matter of Goldfinger v Lisker*, 68 NY2d 225, 231). Arbitrators may not base their award on ex parte discussions or independent investigation unless authorized to do so by the parties (*see, Berizzi Co. v Krausz*, 293 NY 315, 318; *Matter of Horowitz v Kaplan*, 248 NY 547; *Matter of 290 Park Ave. [Fergus Motors]*, 275 App Div 565).

The Supreme Court was correct in vacating the arbitration award upon finding that the claims representative of the appellant Allstate Insurance Company (hereinafter Allstate) submitted evidence in the form of a letter dated April 28, 1995, to the arbitrator without the respondents' knowledge (*see,* CPLR 7511 [b] [1] [i]). The respondents were prejudiced by Allstate's submission of that evidence because "it was collected and acted upon without the knowledge of those affected and without opportunity to repel it" (*Berizzi Co. v Krausz*, 293 NY, at 319-320, *supra*). Rosenblatt, J. P., Thompson, Santucci and Altman, JJ., concur.