[S. F. No. 4593. In Bank.—April 28, 1908.]

## CRESCENT FEATHER COMPANY, Respondent, v. UNITED UPHOLSTERERS' UNION, LOCAL NO. 28, et al., Appellants.

APPEAL FROM ORDER DENYING NEW TRIAL—COMPLAINT AND FINDINGS CANNOT BE CONSIDERED.—Upon an appeal from an order denying the defendants a new trial the appellate court cannot consider either the sufficiency of the complaint or of the findings to support the judgment.

INJUNCTION—PICKETING BY LABOR UNION—FINDING UNSUPPORTED BY EVIDENCE. — In an action brought by a manufacturing corporation against a labor union and some of its officers and members to obtain an injunction restraining the defendants from interfering with the plaintiff in the conduct of its business by stationing pickets in the neighborhood of plaintiff's place of business, or otherwise molesting or interfering with any person or persons transacting business with the plaintiff, where the evidence entirely fails to show that the pickets had ever come in contact with or influenced any one desiring to deal with the plaintiff as a customer, and had not been stationed at or near the plaintiff's place of business for a week prior to the commencement of the action, a finding that such pickets "are still engaged in the acts complained of" is not sustained by the evidence, and an order refusing the defendants a new trial asked for on that ground will be reversed.

APPEAL from an order of the Superior Court of the City and County of San Francisco refusing a new trial. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

F. V. Meyers, for Appellants.

Bush Finnell, for Respondent.

CLIII Cal.—28

SLOSS, J.—This is an action brought by a manufacturing corporation against a labor union and some of its officers and members to obtain an injunction restraining the defendants from interfering with the plaintiff in the conduct of its business by stationing pickets in the neighborhood of plaintiff's place of business, or otherwise molesting or interfering with any person or persons transacting business with plaintiff. The plaintiff recovered judgment as prayed. A motion by defendants for new trial was denied and the defendants appeal from the order denying their said motion. There is no appeal from the judgment.

The defendants contend that the relief granted to the plaintiff was too broad, the judgment restraining the commission of acts which, it is said, should not, upon the facts as alleged and found, have been enjoined. This question cannot be raised on the record before us. "Upon an appeal from an order granting or denying a new trial, only such matters can be considered as are made grounds upon which the superior court is authorized to grant or deny the motion." (*Green* v. *Duvergey,* 146 Cal. 379, [80 Pac. 234].) Upon such appeal the appellate court cannot consider either the sufficiency of the complaint or of the findings to support the judgment. (*Martin* v. *Matfield,* 49 Cal. 42; *Brison* v. *Brison,* 90 Cal. 323, [27 Pac. 186]; *Bode* v. *Lee,* 102 Cal. 583, [36 Pac. 936]; *Riverside Water Co.* v. *Gage,* 108 Cal. 240, [41 Pac. 299]; *Rauer* v. *Fay,* 128 Cal. 523, [61 Pac. 90]; *Hunter* v. *Milam,* 133 Cal. 601, [65 Pac. 1079]; *Williams* v. *Long,* 139 Cal. 186, [72 Pac. 911]; *Williams* v. *Hawley,* 144 Cal. 97, [77 Pac. 762]; *Brownlee* v. *Reiner,* 147 Cal. 641, [82 Pac. 324].)

The record before us does, however, properly present the question whether the evidence is sufficient to justify the findings, and in our opinion this is the only question which need be considered.

The complaint alleges, in substance, that on October 5, 1904, a representative of the defendant union informed plaintiff, a corporation engaged in the business of manufacturing and selling mattresses and bedding, that six men, members of the said union, must quit plaintiff's employ, and that if plaintiff would not discharge all its non-union mattress-makers the said union would call out on a strike the six union members and would declare a boycott against the plaintiff's business.

The plaintiff declined to comply with this demand. Thereupon the defendant union inaugurated and declared a boycott upon plaintiff's business, and called out the six men, who quit the employ of plaintiff, although said six men had informed plaintiff that they were willing to re-enter plaintiff's employ, but feared violence at the hands of members of the union if they did so. It is alleged that the defendants "entered into a combination, confederation and conspiracy for the purpose of coercing the plaintiff and subjecting the control of plaintiff's business" to said union by inaugurating and declaring a boycott on plaintiff's business, and in pursuance of said combination, confederation, and conspiracy placed pickets in the vicinity of plaintiff's place of business, and that said pickets intercepted, molested, intimidated, and frightened the non-union employees of plaintiff by threats of violence and prevented them from remaining in the employ of plaintiff. In furtherance of the said conspiracy the defendants sent plaintiff's various customers a notice informing them that a boycott had been placed on plaintiff by the defendant union and requesting them to withdraw their patronage from plaintiff. A notice stating that plaintiff was so boycotted was similarly posted in many public places. It is averred that the pickets were so placed for the purpose of not only intimidating the plaintiff's employees into quitting its service, but for the purpose of intimidating customers of plaintiff. Plaintiff alleges on information and belief that many persons have been frightened and intimidated from plaintiff's said place of business by the pickets and by said notices and posters above mentioned. It is alleged that the pickets threaten to continue the acts complained of; that plaintiff has already been damaged in the sum of one thousand dollars; and if said acts continue as threatened plaintiff will suffer irreparable injury; that there is no plain, speedy, or adequate remedy at law, and that each of the defendants is financially irresponsible.

The defendants filed an answer denying some of the allegations of the complaint and making certain affirmative averments. Upon the trial, the court found that "all the allegations contained in the plaintiff's complaint are true and that all the allegations contained in the answer of the defendants are untrue." The bill of exceptions contains specifica-

tions questioning the sufficiency of the evidence to justify the finding in favor of each of the foregoing allegations of the complaint. As to some of these, no issue is raised by the answer. The defendants did, however, make direct and positive denials that any representatives or pickets of the defendants "interfered or molested or intimidated or frightened non-union employees of plaintiff or any thereof, or any person"; that "any threats of violence or of doing violence to the person have ever been made by any person whatever on behalf of these defendants or any thereof to any of the employees of plaintiff or to any one else for any purpose whatever; that any of the defendants have ever placed any pickets in the neighborhood of plaintiff's place of business for the purpose of intimidating patrons or customers of plaintiff or that any customer of plaintiff has ever been intimidated or frightened from patronizing the plaintiff by anything done or said by defendants or any one acting upon their behalf or any picket of said defendant union." It is denied that pickets or representatives of defendant union "were at the time of the filing of the complaint herein or are now engaged in any of the acts complained of."

It cannot be questioned that these denials raise material issues. The essence of plaintiff's complaint is the unlawful interference by defendants with the conduct of its business. Such interference is alleged to have been exercised in two ways: by posting or sending out notices, and by stationing pickets about plaintiff's place of business. Of these two methods, the latter was probably the more objectionable, as more likely to have a coercive or intimidating effect. It is alleged that the pickets were intended to, and did in fact, threaten and intimidate prospective customers of plaintiff, and that they sought to frighten workmen from the employ of plaintiff by threats of physical violence. The record is entirely devoid of evidence tending to show that the pickets had come in contact with, or had in any manner whatever influenced any one who may have desired to deal with plaintiff as a customer. It may be questioned whether there is any competent evidence tending to show, on the part of the pickets, any acts or words amounting to a threat, express or implied, of bodily violence as against the plaintiff's employees. But if we assume that what was shown in this regard would justify

the inference that the conduct of the pickets conveyed such threat to the workmen of plaintiff, it was not made to appear that any pickets were stationed at or near plaintiff's place of business at any time after the twelfth day of October. The complaint was filed on October 19th. There was no testimony, therefore, to justify the finding that the pickets "are still engaged in the acts . . . complained of." The findings here under discussion form the basis of much of the relief awarded by the decree, and the fact that no support for them is to be found in the evidence requires the reversal of the order appealed from.

In justice to counsel for respondent it should be stated that the meagerness of the evidence offered in support of the complaint was not due to any neglect upon his part. While he was examining a witness, and before he had given any indication of a readiness to close his case, the court interrupted and asked what the defense in the case was. This information having been given, the defendants were directed to put in their defense at once. This colloquy then ensued:—

*Mr. Hutton* (attorney for defendants).—"Do you close your case, Mr. Finnell?"

*Mr. Finnell* (attorney for plaintiff).—"If his honor thinks it is sufficient."

*The Court.*—"Put your defense in."

The defendants thereupon moved for a nonsuit, which was denied, and then rested their case without offering any evidence. Apparently the plaintiff was prepared to offer further evidence, but very naturally hesitated to insist upon his right to present it in the face of the court's intimation that a complete case had been made out. It is unfortunate for the respondent that it may have been thus prevented from fully proving its right to the relief sought. The fact remains, however, that it was the right of the defendants to insist upon proof of every material allegation of the complaint which had been controverted by the answer. The record failing to show such proof, the cause must be remanded for a new trial.

The order appealed from is reversed.

Angellotti, J., Shaw, J., Henshaw, J., McFarland, J., Lorigan, J., and Beatty, C. J., concurred.