[Civ. No. 5782. Fourth Dist. Feb. 27, 1959.]

DOLPH GRANGER, Appellant, v. ORANGE COUNTY BOARD OF SUPERVISORS et al., Respondents; IRA DOWD, Intervener.

John R. Brunner for Appellant.

Joel E. Ogle, County Counsel, and Stephen K. Tamura, Assistant County Counsel, for Respondents.

Rutan, Lindsay, Dahl, Smedegaard, Howell & Tucker for Intervener.

STONE, J. pro tem.*—This appeal concerns a proposal by the Board of Supervisors of Orange County to lease certain tidelands to be operated as a beach and recreation area. By chapter 526, statutes of 1919, as amended by chapter 575, statutes of 1929, the county of Orange was granted in trust certain tide and submerged lands in upper Newport Bay. In August of 1957, the county and the Orange County Harbor Improvement District announced that several acres of land so reclaimed would be leased to private interests for development. Following informal negotiations conducted with interested prospective lessees by representatives of Orange County and the Orange County Harbor Improvement District it was announced that formal negotiations for a lease would be undertaken with the intervener Ira Dowd. Appellant sought to enjoin the negotiations and execution of a lease, to recover damages by reason of an alleged wrongful conspiracy between the defendants and intervener Dowd, and for declaratory relief. The trial court sustained defendants' demurrer to plaintiff's amended complaint without leave to amend. A judgment was entered accordingly and the plaintiff appeals.

At the time plaintiff's complaint and amended complaint were filed, and at the time the demurrer to the amended complaint was heard, no lease had been executed. The pleadings alleged that the defendant board of supervisors was negotiating for a lease with intervener Dowd. The first cause of action of the amended complaint asked for an injunction to prevent the defendants from contracting with Dowd. The second cause of action asked for damages of $25,000,000. The third cause of action asked for declaratory relief. Defendants demurred upon the ground that the complaint disclosed on its face that no lease or contract had been executed and therefore no cause of action was stated. The court sustained defendants' demurrer without leave to amend, citing the case of

---

*Assigned by Chairman of Judicial Council.

*Barto* v. *Supervisors of the City & County of San Francisco,*
135 Cal. 494 [67 P. 758]. That case holds, at page 496:

"The board of supervisors are a quasi-judicial body, whose
duties are prescribed by statute. If they should let a contract
in direct contravention of the charter, and in conflict with the
power therein given, such contract would be void, and the
plaintiff could not suffer any irreparable injury therefrom.
The board has not yet acted. We must presume that it will do
its duty, and let the contract in the method prescribed in the
charter. In any event, we do not think that it is the policy of
the law that the machinery of the court should be put in
motion and the writ of injunction invoked upon evidence
as to the intention of a judicial body in regard to some act
which has not been attempted to be performed. If the board
should not proceed in accordance with law, and should let
a contract contrary thereto, the taxpayer is not without
remedy. But he cannot come into court upon the supposition
or belief that a public official, elected by the people, and
sworn to perform his duty faithfully to the best of his ability,
is going to disregard his oath and willfully violate the law."

 The Barto case disposes of the first cause of action
which seeks injunctive relief. We believe the order was
proper as to the second cause of action alleging a conspiracy
and requesting $25,000,000 damages, and as to the third cause
of action for declaratory relief, because as there was no lease
in being, there was no way for the court to determine whether
or not the plaintiff or the people of Orange County would be
damaged. It is also difficult to conceive of declaratory relief
being granted without the terms of the lease before the court.
In light of the allegations of the complaint, this court would
have to affirm the order sustaining the demurrer and judg-
ment of dismissal.

 With this background in mind, we turn to the motion
to dismiss the appeal upon the ground the questions raised by
appellant have become moot. Since filing the appeal the de-
fendants have executed a lease with the intervener. The plain-
tiff may now file an action predicated upon a lease in being.
He is in a position to question whether or not the procedure
followed by the board of supervisors in entering into the
lease complied with the law, and he may now challenge the
validity of the agreement. Plaintiff also has something
specific upon which to base his claim for damages or for
declaratory relief by reason of an existent document and he
may at the same time seek any other relief he deems appro-

priate. This court is in no position to provide appellant any effectual relief by this appeal because his complaint was filed prematurely, yet he does have recourse to all of the relief he maintains is his right by filing a new action in the trial court. To paraphrase the language of the Supreme Court in *Lenahan* v. *City of Los Angeles,* 14 Cal.2d 128, 134 [92 P.2d 1014], a dismissal of the appeal in no way places the stamp of approval on the alleged infractions of the requirements of the law or the acts of the respondents. All that is now decided is that the controversies which appellant attempted to raise by his amended complaint are moot. (See also *Consolidated Vultee Aircraft Corp.* v. *United Automobile etc. Workers,* 27 Cal.2d 859, 863 [167 P.2d 725] ; *Estate of Tierney,* 63 Cal. App.2d 295, 299 [146 P.2d 700].)

The appeal is dismissed.

Griffin, P. J., and Shepard, J., concurred.