[Civ. No. 7650.   Fourth Dist., Div. One.   Apr. 8, 1966.]

SAN DIEGO GAS & ELECTRIC COMPANY, Plaintiff and
Respondent, v. SAN DIEGO CONGRESS OF RACIAL
EQUALITY et al., Defendants and Appellants.

Gostin & Katz, David K. Kroll and John W. Porter for Defendants and Appellants.

Luce, Forward, Hamilton & Scripps and Jack W. Crumley for Plaintiff and Respondent.

STONE, J.* — By a preliminary injunction defendants were prohibited from obstructing ingress and egress to places of business of plaintiff, San Diego Gas & Electric Company, or interfering with any person using any of plaintiff's places of business.

Specifically, defendants were limited to two pickets at the main entrance of plaintiff's main office, and one picket at any other entrance or at the entrance or exit of any of plaintiff's other places of business, buildings, plants, facilities and properties.

Defendants were also prohibited from exhibiting signs, posters, placards or slogans stating that plaintiff discriminates or is unfair in its hiring practices because it does not hire a certain ratio, percentage or quota of any minority group or groups, and from exhibiting signs, posters, placards or slogans designed for the purpose of compelling, intimidating or coercing in any manner, plaintiff to hire any minority group or groups in the ratio, percentage or quota of any kind, and to the ratio, percentage or quota of any kind that they bear to the total population or any other ratio, percentage or quota system of hiring.

The preliminary injunction was issued January 15, 1964, as the result of an action filed by plaintiff December 23, 1963, to end picketing that began November 4, 1963. At one time approximately 18 people entered the lobby area of plaintiff's main office and sat on the floor; they interfered with the passage of customers in and out of the lobby and to the various

---

*Assigned by the Chairman of the Judicial Council.

parts of the building where business is transacted. They also interfered with the delivery of supplies.

Defendants argue that plaintiff failed to exhaust its administrative remedies before seeking an injunction, and that if the court had jurisdiction to hear the matter no evidence was adduced to support the injunctive restrictions upon defendants' expression of their grievances. Since a review of the evidence will bear upon the issue of jurisdiction, we reserve that question for the last.

Defendants' attack on the part of the order enjoining picketing in a manner that interferes with the passage of employees, customers and tradesmen in and out of the building and going from one place to another in the building, and limiting picketing at the main entrance and the side entrances to plaintiff's property, appears to be largely pro forma. This conclusion stems from the concession of defendants' counsel at oral argument that the propriety of this aspect of the order rests on a question of fact.

The classic rule that if any substantial evidence supports the finding of the trial court as to an issue of fact a reviewing court may not substitute its own evaluation of the evidence, applies to an appeal from a preliminary injunction. A reviewing court may reverse only if an abuse of discretion is shown; and it follows that if substantial evidence supports the order there is no abuse of discretion. (*Union Interchange, Inc.* v. *Savage,* 52 Cal.2d 601, 606 [342 P.2d 249].)

Further, in weighing the question of a trial court's exercise of discretion to grant a preliminary injunction, the facts must be viewed most favorably to the plaintiff. (*Metro-Goldwyn-Mayer, Inc.* v. *Lee,* 212 Cal.App.2d 23, 27-28 [27 Cal. Rptr. 833].) Eighteen pickets sitting on the lobby floor obstructing the passage of customers and 20 to 25 pickets blocking the sidewalk entrance to plaintiff's head office constitute substantial evidence in support of the trial court's finding there was unreasonable interference by defendants with plaintiff's business operations and the use of plaintiff's premises by the public and by tradesmen. We cannot say that by limiting the number of pickets and the manner of picketing the trial court abused its discretion. (See *Steiner* v. *Long Beach Local No. 128,* 19 Cal.2d 676 [123 P.2d 20]; *Chrisman* v. *Culinary Workers' Local No. 62,* 46 Cal.App.2d 129, 133 [115 P.2d 553]; *Cox* v. *Louisiana,* 379 U.S. 536, 554-555 [85 S.Ct. 453, 13 L.Ed.2d 471].)

Defendants' utterances, written and oral, present a much different question. First, it is contended that the order prohibiting picketing to attain quota hiring is erroneous in that *Hughes* v. *Superior Court*, 32 Cal.2d 850 [198 P.2d 885], upon which the trial court and respondent rely in large measure, is predicated upon anachronistic principles. In short, defendants argue that quota hiring, prohibited by *Hughes*, is no longer contrary to public policy. Even if we had authority to make this determination, which is doubtful since we are an intermediate appellate court (*Auto Equity Sales, Inc.* v. *Superior Court*, 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937]), we do not reach the question since there is nothing in the record indicating that defendants were picketing for quota hiring or demanding quota hiring by utterances written or oral.

Plaintiff contends that in negotiations between its officers or agents and the officials or agents of San Diego Congress of Racial Equality, the CORE representatives pointed out that among plaintiff's work force approximately 1 per cent are Negroes, whereas approximately 7 percent of the population in the area are Negroes. Defendants counter that this was simply the basis of their contention that plaintiff is unfair to Negroes in its hiring practices, but not a demand for quota hiring. ■ In any event, the record reflects no demand for quota hiring by the pickets, either by utterance or by placard. The signs they carried read: "End Discrimination," "Don't Fire, Just Hire," "Not More, Not Less, But Equal," "Give Us a Chance to Learn in Your Training Program," and "Count the Results! S.D. Gas & Elec. Co. is an Equal Opportunity Employer?"

Viewing the facts most favorably to plaintiff (*Metro-Goldwyn-Mayer, Inc.* v. *Lee, supra*), we find no evidence that defendants expressed any demands or made any statements prohibited by law; hence that portion of the preliminary injunction limiting defendants' right to express their grievances must fall.

Defendants attack the injunction in its entirety, asserting that plaintiff failed to exhaust its administrative remedies by filing a complaint and requesting an investigation by the Fair Employment Practices Commission. However, this argument is not applicable to defendants' unlawful interference with plaintiff's use of its property. ■ The Fair Employment Practices Act is of legislative origin, and the right to file a complaint with the commission and the manner of filing are

controlled by statute. Provision is made for complaint by both employer and employee against unfair employment practices, but the act does not preempt the jurisdiction of the courts over trespass or unlawful interference with the use of property. ■ The record discloses that plaintiff had no justifiable complaint against defendants' activities other than unlawful interference, as there is no evidence that defendants demanded quota hiring. No employee of plaintiff took part in the picketing and none made complaint to plaintiff about defendants' activities. It follows that since neither defendants nor any of plaintiff's employees violated plaintiff's rights under the Fair Employment Practices Act, plaintiff was not required to file a complaint with the commission before resorting to the court for relief.

The order is modified by striking therefrom the restriction upon the language defendants may use on signs, posters, placards or slogans. As so modified, the order is affirmed. Each party shall bear its own costs.

COUGHLIN, J.—I concur, but deem it advisable to note that the modification of the injunction deleting therefrom restrictions upon the language defendants may use in picketing signs, posters, placards or slogans is not an authorization to use language the object of which is to effect quota hiring. Where the object of picketing is unlawful, the picketing is unlawful, and may be enjoined. (*Northwestern Pac. R.R. Co.* v. *Lumber & Sawmill Workers' Union,* 31 Cal.2d 441, 445-446 [189 P.2d 277] ; *Park & Tilford Import Corp.* v. *International etc. of Teamsters,* 27 Cal.2d 599, 603 [165 P.2d 891, 162 A.L.R. 1426].) Quota hiring based on race, creed or color is unlawful. (*Hughes* v. *Superior Court,* 32 Cal.2d 850 [198 P.2d 885].) An employer who is required to hire a designated percentage of his employees only because they are persons of a particular race, creed or color, and perforce is required to refuse to hire those of another race, creed or color in order that he may employ the former, is required to discriminate against those he refuses to employ because they are not of the race, creed or color included within the percentage hiring classification. However, an injunction directed to conduct which is neither active nor threatened is unauthorized (*Crescent Feather Co.* v. *United Upholsterers Union,* 153 Cal. 433, 437 [95 P. 871] ; *Champion Min. Co.* v. *Consolidated Wyo. Gold Min. Co.,* 75 Cal. 78, 85 [16 P. 513] ; *Early* v. *Santa Clara*

*Broadcasting Co.*, 211 Cal.App.2d 367, 373 [27 Cal.Rptr. 212]; *Granger* v. *Orange County Board of Supervisors*, 168 Cal.App.2d 274, 276 [335 P.2d 748]; *De Haviland* v. *Warner Bros. Pictures, Inc.*, 67 Cal.App.2d 225, 238 [153 P.2d 983]; *Pezold* v. *Amalgamated etc. Workmen*, 54 Cal.App.2d 120, 126, 127 [128 P.2d 611]; *Chrisman* v. *Culinary Workers' Local No. 62*, 46 Cal.App.2d 129, 133-134 [115 P.2d 553]), and as the record here does not support the conclusion defendants were engaged in or threatened picketing for the purpose of effecting quota hiring, either directly or indirectly, that part of the order enjoining such is erroneous.

BROWN (Gerald), P. J.—I concur in the views expressed by Mr. Justice Stone and those expressed by Mr. Justice Coughlin.