[Civ. No. 28101. First Dist., Div. Four. Dec. 18, 1970.]

TRUSTEES OF THE CALIFORNIA STATE COLLEGES, Plaintiff and Respondent, v.
LOCAL 1352, SAN FRANCISCO STATE COLLEGE FEDERATION OF TEACHERS et al., Defendants and Appellants.

## COUNSEL

Levy & Van Bourg and Victor J. Van Bourg for Defendants and Appellants.

Thomas C. Lynch and Evelle J. Younger, Attorneys General, Donald B. Day and Jan S. Stevens, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**RATTIGAN, J.**—Respondent brought this action to enjoin a strike and related activities by employees of the State of California who work at San Francisco State College. Defendants appeal from a summary judgment enjoining such activities as prayed.

The undisputed facts include these:[1] Respondent, a duly constituted agency of the State of California, is charged by law with the administration, management and control of the California State Colleges (including San Francisco State College, to which we hereinafter refer as the "college"). The academic employees at the college are employees of the State of California. Their wages, hours and working conditions are governed by statute and by regulations established by respondent. Some of them (including the natural persons who are defendants and appellants herein) belong to Local 1352, which is a labor union. (Local 1352, hereinafter the "union," is also a defendant and appellant herein.) Through its representatives, and commencing in December 1969, the union and respondent carried on negotiations concerning some demands theretofore made by the union. Pursuant to a vote of its membership, the union conducted a strike at the college and maintained a picket line at the college campus in furtherance of the strike, commencing January 6, 1969.

Other evidence, received by the trial court[2] and appearing in the record on appeal, supports the inferences that the following events, among others, occurred at the college when the strike began: "Masses of pickets" physically interfered with ingress and egress at the campus. The pickets refused to disperse upon request, which refusal required and resulted in police intervention. Pickets attempted, physically and by threats, to prevent students and others from passing to and from the campus. The vocal and other conduct of the pickets substantially impeded and interfered with the routine of the college. The arrival of the police, and subsequent episodes of violence, resulted in numerous personal injuries and arrests. Among several episodes of violence were actual bombings at the campus, with explosives; these occurred during the conduct of the strike, although there was no evidence attributing them to any of the appellants.

Respondent commenced this action on January 8, 1969.[3] By successive orders entered thereafter, the trial court temporarily restrained appellants

---

[1] The facts next set forth (in the paragraph here footnoted) are recited from the trial court's order entered on June 26, 1969, deeming them (and other facts) admitted "for purposes of this action."

[2] This evidence was received in support of respondent's application for a preliminary injunction, which (as will appear) was issued pendente lite.

[3] All dates subsequently mentioned herein refer to the calendar year 1969.

from engaging in the strike and related activities at the college; ordered them to show cause why they should not be restrained from engaging in such activities during the pendency of the action; on February 4, after an extended evidentiary hearing and upon respondent's application, entered a preliminary injunction, to the latter effect and pendente lite; and on June 26, upon respondent's motion (and apparently pursuant to a stipulation which does not appear of record) ordered certain factual matters deemed admitted "for purposes of this action." (See text at fn. 1, *ante.*) Respondent then noticed and made a motion for summary judgment in the action, based upon the factual content of the June 26 order and upon affidavits and other matters, including the evidence received in support of respondent's application for a preliminary injunction. (See text at fn. 2, *ante.*)

Appellants filed no counteraffidavits in opposition to the motion for summary judgment. On October 2, after hearing arguments, the trial court ruled in respondent's favor and entered, on October 27, an order granting the motion and summary judgment as moved. This appeal, from the summary judgment, followed.[4]

Under the summary judgment as entered (which refers to respondent as "plaintiff"), appellants "and their agents, servants, employees, and representatives, and all persons and associations acting in concert or participating with them, shall be and hereby are enjoined and restrained from engaging in or performing, directly or indirectly, any and all of the following acts: 1. Striking or calling or inducing a strike or work stoppage in the nature of a strike against plaintiff at San Francisco State College; 2. Picketing the plaintiff's facilities, buildings, and properties at San Francisco State College in support, promotion, or advocacy of a strike or work stoppage in the nature of a strike against plaintiff at San Francisco State College; 3. Hindering, delaying or interfering with, in any manner or by any means or device, the work at the facilities, buildings and properties of plaintiff at San Francisco State College, for the purpose of supporting, promoting or advocating a strike against plaintiff at San Francisco State College; [and] 4. Coercing, compelling, inducing or encouraging the employees of

---

[4]Appellants had originally noticed and perfected an appeal (1 Civil 26913) from the preliminary injunction ordered and entered on February 4. After they had noticed the present appeal (1 Civil 28101) from the summary judgment subsequently entered, respondent moved to dismiss the former appeal as moot. We granted the motion in December. The parties then stipulated that the record on the present appeal be deemed augmented to include the record made on the former one. In consequence, all of the evidentiary and other matters heretofore related herein are reflected in the current record on appeal (as augmented). These include, but are not limited to, the facts relating to events at the college campus during the strike. (See text at fn. 2, *ante.*)

plaintiff at San Francisco State College to engage in a strike against plaintiff at San Francisco State College or in picketing in support of said strike."

As we—and all parties—conceive it, the principal question presented on the appeal is whether public employees have the right to strike: the answer is decisive of whether this strike by public employees was lawfully enjoined by the summary judgment. In a 1968 decision the Supreme Court indicated that "whether strikes by public employees can be lawfully enjoined" was an open question. (*In re Berry* (1968) 68 Cal.2d 137, 151 [65 Cal.Rptr. 273, 436 P.2d 273].) ■ However, by reason of compelling authority (some of which appears in post-*Berry* decisions), and despite appellants' elaborate arguments to the contrary, we hold (1) that California follows and applies the common law rule that public employees do not have the right to strike in the absence of a statutory grant thereof; (2) that no such grant exists; (3) that the strike at the college, enjoined by the present judgment, was unlawful (in the sense that it was violative of state policy, although not attended by criminal sanctions); and (4) that the judgment is accordingly valid in all substantive respects and must be affirmed. (*City of San Diego* v. *American Federation of State etc. Employees* (1970) 8 Cal.App.3d 308, 310-313 [87 Cal.Rptr. 258], hg. den. Sept. 24, 1970; cases cited, *id.*; *Almond* v. *County of Sacramento* (1969) 276 Cal.App.2d 32, 35-36 [80 Cal.Rptr. 518]; cases cited, *id.*)

The first-mentioned decision negates appellants' argument that the judgment in question denies them, as public employees, equal protection of the laws as guaranteed by the Fourteenth Amendment. (*City of San Diego* v. *American Federation of State etc. Employees, supra,* 8 Cal.App.3d at pp. 313-316.) The second one disposes of their point (negatively) that a right to strike is to be inferred from Government Code section 3500 et seq. (*Almond* v. *County of Sacramento, supra,* 276 Cal.App.2d at pp. 36-38). ■ Specifically and as to the present case, such right is not to be inferred from the proscription imposed upon local public agencies by Government Code section 3508. That proscription reaches only public employees who are "full-time peace officers" (who are not involved here), and it must be read in light of the overriding language of Government Code section 3509.

Appellants also argue that their right to strike amounts to no more than their right to withdraw their labor, and that the latter right cannot be curtailed because of the Thirteenth Amendment's proscription of involuntary servitude. The present judgment does not prohibit a withdrawal of labor: it leaves each of the individual appellants at liberty to "withdraw his labor" by quitting his employment. ■ The right of a public employee to do so, however, does not mean that he has a right to strike. (See Note (1969) 21 Stan. L.Rev. 340, 350, fn. 65.)

Finally, appellants contend that the challenged judgment is unconstitutionally overbroad because it enjoins all picketing. ■ While peaceful picketing is clearly recognized as an incident of the First Amendment right of free speech (*Thornhill* v. *Alabama* (1940) 310 U.S. 88, 101-104 [84 L.Ed. 1093, 1101-1103, 60 S.Ct. 736]; *Schwartz-Torrance Investment Corp.* v. *Bakery & Confectionery Workers' Union* (1964) 61 Cal.2d 766, 769-774 [40 Cal.Rptr. 233, 394 P.2d 921]; *In re Berry, supra,* 68 Cal.2d 137 at p. 152), it is equally clear that the right to picket is constitutionally subject to limitation where the legitimate interests of the state require such action. (*Thornhill* v. *Alabama, supra,* at pp. 104-106 [84 L.Ed. at pp. 1103-1104]; *Hughes* v. *Superior Court* (1950) 339 U.S. 460, 468-469 [94 L.Ed. 985, 994, 70 S.Ct. 718].) ■ The picketing here involved was properly enjoined because it supported a strike by public employees, which (as we have seen) is not a permissible objective under state law (*City of L.A.* v. *Los Angeles etc. Council* (1949) 94 Cal.App.2d 36, 41-42 [210 P.2d 305]); and because, as conducted, it included and incited actual violence and disrupted the operation of the college. (*Steiner* v. *Long Beach Local No. 128* (1942) 19 Cal.2d 676, 682-685 [123 P.2d 20]; *San Diego Gas & Elec. Co.* v. *San Diego Congress of Racial Equality* (1966) 241 Cal.App.2d 405, 407 [50 Cal.Rptr. 638].)

■ The judgment enjoins only picketing in support of an actual strike at the college (as distinguished from informational picketing for the purpose of airing employee grievances), and at the college itself (where the violence occurred). So limited, the injunctive language is not unconstitutionally overbroad. (See its text, quoted *supra.* See [and compare] *In re Berry, supra,* 68 Cal.2d 137 at pp. 152-155; *San Diego Gas & Elec. Co.* v. *San Diego Congress of Racial Equality, supra,* at p. 408.)

The judgment is affirmed.

Devine, P. J., and Christian, J., concurred.

A petition for a rehearing was denied January 11, 1971, and appellants' petition for a hearing by the Supreme Court was denied February 17, 1971. Peters, J., Tobriner, J., and Mosk, J., were of the opinion that the petition should be granted.