[Civ. No. 36606. Second Dist., Div. Five. Mar. 17, 1972.]

LOS ANGELES UNIFIED SCHOOL DISTRICT OF
LOS ANGELES COUNTY, Plaintiff and Respondent, v.
UNITED TEACHERS—LOS ANGELES et al.,
Defendants and Appellants.

**COUNSEL**

Lawrence B. Trygstad, Donald W. O'Dell, Richard C. Anthony, Geffner & Satzman, Bradley R. Tabach-Bank and Leo Geffner for Defendants and Appellants.

John D. Maharg, County Counsel, Alfred Charles De Flon, Deputy County Counsel, and Jerry F. Halverson, for Plaintiff and Respondent.

**OPINION**

**STEPHENS, J.**—This appeal is taken by defendants United Teachers-Los Angeles (UTLA) and certain of its officers and employees from a temporary restraining order[1] enjoining defendants (including a vast number of Doe-defendants) from engaging in a teachers' strike against plaintiff Los Angeles Unified School District of Los Angeles County[2] and from inducing plaintiff's schoolteacher employees to engage in such a strike.

The facts are that plaintiff School District, a public school district organized and operating pursuant to the laws of the State of California, filed an action seeking a temporary restraining order, preliminary injunction,

---

[1] A preliminary injunction was also issued containing the temporary restraining order. Plaintiffs and defendants stipulated that the decision on the appeal from the temporary restraining order will be determinative of the validity of the preliminary injunction.

[2] Sometimes hereinafter referred to as the School District.

and permanent injunction against defendants restraining them from striking or engaging in a work stoppage. Plaintiff's complaint alleged that defendants voted to and did commence a strike and work stoppage against plaintiff on April 13, 1970. In three separate declarations filed in support of its injunctive action, plaintiff stated: (1) that during the morning of April 13, 1970, a survey of junior and senior high schools in the district showed that 6,434 of the School District's 12,210 secondary teachers had not reported for work; (2) that 5,870 of the School District's elementary school teachers had not reported for work on that same day; (3) that the scheduled 1969-1970 school year was for 177 days; that if by reason of a teachers' strike the School District should become unable to operate its schools for 175 days during the school year, it might lose the right to its apportionment of $172,651,004 from the state School Fund, and that in addition thereto it would lose its entitlement to state School Fund apportionments of $1.19 per pupil-day for grades 1-3, inclusive; $1.02 per pupil-day for grades 4-8, inclusive; $0.91 per pupil-day for grades 9-12, inclusive; and $0.75 per pupil-day for "defined adults." An informal hearing was held in the chambers of the judge before whom the matter was pending, at which defendants appeared by way of counsel and filed declarations in opposition to the issuance of a temporary restraining order. Following the informal hearing, on April 13, 1970, the court issued its temporary restraining order and order to show cause re preliminary injunction.[3]

Defendants' contentions on appeal are set forth in their brief as follows: "[T]he temporary injunction issued on April 13, 1970 restraining the Appellant[s] from calling or engaging in a strike by school teachers against the [School District] is void on one of the following bases:

"(1) The temporary injunction prohibited a strike by school teachers against a School District on the basis that such a strike, *per se,* is in violation of the common law of California.

"(2) The injunction is invalid on the basis that the Legislature has by statute authorized school teachers to engage in such a strike.

"(3) School teachers have a Constitutional right to engage in a strike as a matter of exercising their fundamental rights of free speech and association under the First and Fourteenth Amendments of the United States Constitution.

---

[3]Despite the restraining order, a teachers' strike commenced on April 13, 1970, and continued through May 13, 1970.

"(4) School teachers have a Constitutional right to engage in a strike under the equal protection clause of the Fourteenth Amendment of the United States Constitution.

 "(5) The injunction that restrains a strike by school teachers is invalid on the basis that the Superior Court followed the doctrine that a strike by school teachers is *per se* illegal without the proper showing of irreparable injury to justify equitable relief.

"(6) The injunction is invalid on the basis that the Ex Parte Order without a hearing restraining a strike by school teachers is a violation of the Fourteenth Amendment of the United States Constitution."[4]

As stated in defendants' argument of these issues, and as our own research confirms: "Several [Courts of Appeal] and Superior Courts have held that the Supreme Court has ruled that in absence of legislative authorization, public employees in California do not have the right to strike . . . The [Court of Appeal for the Third District] in *Almond* v. *County of Sacramento,* 276 Cal.App.2d 32 [80 Cal.Rptr. 518] held that public employees in the absence of legislative authority do not have the right to strike. The [Court of Appeal for the Fourth District] in *City of San Diego* v. *American Federation of State, County and Municipal Employees Local 127,* 8 Cal.App.3d 308 [87 Cal.Rptr. 258] held that the California common law rule is that public employees do not have the right to strike and there is no constitutional right for public employees to strike their public employer. The [Court of Appeal for the First District] in *Trustees of the California State Colleges* v. *Local Teachers,* 13 Cal.App.3d 863 [92 Cal. Rptr. 134] held that California follows and applies the common law rule that public employees do not have the right to strike in the absence of a statutory grant."

Defendants contend that "[i]n spite of the contrary decisions of the [Courts of Appeal] that have decided this question, this issue must be appealed to this [Court of Appeal] in order to allow this District to rule on this question and in order to present the question to the Supreme Courts of California and the United States."

 We have examined the briefs of the parties which argue the issues with great thoroughness on both sides. We agree with the statements that the issues here presented have been determined adversely to the contentions of defendants in three of the five appellate districts of the Court of Appeal of this state, and in each instance the California Supreme Court

---

[4]This contention was effectively abandoned as a result of the stipulation that our decision on the appeal from the temporary restraining order will be determinative of the validity of the preliminary injunction.

has denied a petition for hearing. Thus, we can conceive of no benefit which would result from our reanalyses of the same issues which the three cited opinions have exhaustively treated, with extensive citation of authority.

The order is affirmed.

Kaus, P. J., and Aiso, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied May 10, 1972. Peters, J., Tobriner, J., and Mosk, J., were of the opinion that the petition should be granted.