INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION 976, and R. H. Dresia, president and business agent of the International Brotherhood of Electrical Workers, Local Union No. 976, Plaintiffs in Error,

v.

GRAND RIVER DAM AUTHORITY, a Public Corporation, Defendant in Error.

No. 36419.

Supreme Court of Oklahoma.

Jan. 24, 1956.

Lewis Frank Grayson, Pryor, Schwoerke & Schwoerke, Oklahoma City, for plaintiffs in error.

Q. B. Boydstun, Vinita, Marion J. Blake, Tulsa, for defendant in error.

JACKSON, Justice.

This action was brought in the District Court of Mayes County by the Grand River Dam Authority, hereafter called the Authority, to enjoin International Brotherhood of Electrical Workers, Local Union 976, hereafter called the Union, and its president, R. H. Dresia, from continuing a labor strike of the Authority's employees which had been called by the Union because the Authority had refused to enter into a proposed contract with the Union. The proposed contract, over which this controversy arose, provided, among other things, that the Authority would recognize this Union as the exclusive bargaining agency for all employees listed in a certain classification and in departments therein specified.

The Union has appealed from a judgment of the trial court granting a permanent injunction against it from continuing the strike.

No claim is made by the Union that public employees of the State or any of its political subdivisions have a right to strike. The National Labor Relations Act, 29 U.S. C.A. § 152(2) provides that the term "employer" as used therein shall not include the United States or any wholly owned Government corporation or any State or political subdivision thereof. The Fair Labor Standards Act, 29 U.S.C.A. § 203 (d), provides that the term "employer" shall not include the United States or any State or political subdivision thereof.

The Union contends that the Authority is not a department of the State or a political subdivision thereof and that its employees are not public employees, and concludes

that the Union, as a legal and legitimate labor union with a legal and legitimate labor dispute with the Grand River Dam Authority, has a right to strike and peacefully picket the property and activities of the Authority. This proposition compels inquiry into the nature and status of the Authority and its relationship to the State.

Grand River Dam Authority was created by S.B.No. 395, art. 4, ch. 70, S.L.1935, now 82 O.S.1951 §§ 861–881, as later amended, and was the corporate name applied to a conservation and reclamation district thereby created, and comprising certain designated counties. It was by the Act "declared to be a governmental agency, body politic and corporate, with powers of government and with the authority to exercise the rights, privileges, and functions hereinafter specified." It appears from Section 862 of the Title that the principal purposes of the Authority include conservation of the water resources of the State along the Grand River and its tributaries and the prevention of floods and soil erosion within the watershed area. Electricity generated from water flowing through the turbines of the Dam is sold by the Authority. Under Section 863, it is provided that the powers, rights, privileges and functions of the Authority shall be exercised by a board of directors, the members of which, subject to approval of the Senate, shall be appointed by and hold their offices at the pleasure of the Governor.

In Grand-Hydro v. Grand River Dam Authority, 192 Okl. 693, at page 697, 139 P.2d 798, at page 802 of the Oklahoma Report in the body of the opinion, this court said:

"The state may engage in any occupation or business for public purposes such as supplying hydro-electric power. Sec. 31, art. 2, Const. And it exercised that power when the Legislature created the Grand River Dam Authority."

In Sheldon v. Grand River Dam Authority, 182 Okl. 24, 76 P.2d 355, 356, this court held in the second paragraph of the syllabus:

"The Grand River Dam Authority is not one of the 'political corporations,

or other political subdivisions of the State,' within the meaning of section 26, article 10, Oklahoma Constitution, but is a governmental agency of the state."

In the body of the opinion 182 Okl. at page 28, 76 P.2d at page 361, this court said:

"The waters and potential electric energy of the Grand river are the natural resources of the state, and stripped of all its detail, the act creates an agency through which the state seeks to exploit, preserve, and utilize in a certain and specific manner that portion of its natural resources. * * * We therefore conclude that * * * the act * * * creates a governmental agency or public corporation, with limited powers, for the purpose of conducting a state function, which could have been accomplished by an existing state board or office, * * *."

■ Since the Authority is engaged in "public purposes", and having determined in Sheldon v. Grand River Dam Authority, supra, that the Authority is "conducting a state function, which could have been accomplished by an existing state board or office", we conclude that the State of Oklahoma is the owner of and is operating the Grand River Dam Authority.

■■ The employees of the Authority are working for the State of Oklahoma. It is fundamental that the legislature has the responsibility and duty of determining the salaries of the state's officers and employees. As to the Authority's employees, the legislature has delegated this responsibility to the directors of the Grand River Dam Authority in Section 862 of the Title. If the legislature becomes dissatisfied with the compensation provided by the directors of the Authority, it is the right and privilege of the legislature to repeal such delegated authority and fix the salaries of the employees of the Authority by law.

In United States v. United Mine Workers of America, 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884, the Supreme Court of the United States upheld a temporary restraining order and preliminary injunction which had been

granted against union employees of certain coal mines which had been seized and were being operated by the United States Government.

In Norwalk Teacher's Association v. Board of Education of City of Norwalk, 138 Conn. 269, 83 A.2d 482, 31 A.L.R.2d 1133, it was held that public school teachers did not have the right to engage in concerted action such as a strike, work stoppage, or collective refusal to enter upon their duties.

In City of Los Angeles v. Los Angeles Bldg. & Const. Trades Council, 94 Cal.App. 2d 36, 210 P.2d 305, injunction was authorized against the employees of the Water Department of the City of Los Angeles from engaging in a strike, picketing and other concerted labor activities against the Department of Water and Power of the City.

In 31 A.L.R.2d at page 1149, it is stated:

"It is generally recognized that all functions performed by public authorities are public, in so far as labor relations between public employers and employees are concerned, and therefore the question whether public authorities are engaging in functions classified as 'governmental' or 'proprietary' is immaterial."

The cases therein cited amply support the above statement.

We conclude that the employees of the Authority are employees of the State of Oklahoma and as such have no right to strike against the state.

In their next proposition the Union contends that the Grand River Dam Authority had the legal right and power, under the Legislative Act creating it, to contract with this labor union on wages and labor conditions and a strike to bring this about is not contrary to the State Law creating said Authority. Our attention is invited to Section 862 of the Title which reads, in part, as follows:

"The District shall have and is hereby authorized to exercise the following powers, rights and privileges: * * *

"(m) To appoint officers, agents, and employees, to prescribe their duties and to fix their compensation; and enter into contracts with labor unions, * * *."

The quoted section authorizes the Authority to exercise the power of appointing employees and fixing their compensation. It purports to authorize the Authority to enter into contracts with labor unions, but it gives no power to any labor union or to the employees of the Authority to determine who may work or the compensation that shall be paid. Nor does it purport to sanction the right of such employees to strike for any reason.

We fail to see how Section 862, supra, gives any powers or rights to the Union, or employees of the Authority, when all of the powers therein mentioned are given to the Authority.

The Union contends that the legislative intent in adopting Section 862(m) as an amendment in 1949, when the Authority obtained permission to buy the steam plant at Choteau, was to require the Authority, in competing with private companies, to carry the same labor obligations which the private companies were having to carry under the then existing law. If this was the legislative intent, then it must be recognized that the legislature intended to surrender a portion of the sovereign power of the state. The state's sovereignty in fixing the salaries of its employees of the Grand River Dam Authority would be lost. Statutes in derogation of sovereignty should be strictly construed in favor of the state, so that its sovereignty may be upheld and not narrowed or destroyed. 59 C.J. 1121, § 663; 82 C. J.S. § 391, p. 936.

The Statute must not be construed in derogation of the State's right to engage in or carry on business for public purposes. Art. II, § 31, Okl.Const.

We are of the opinion and hold that the power given the Authority to "enter into contracts with labor unions" was discretionary and not mandatory. The quoted section provides in part that "The District * * * is hereby *authorized* to exercise the following powers * * *." We think this conclusion is reinforced by the provisions of Section 872 of the Title, wherein

"The District *may*, but without intending by this provision to limit any powers of the District as granted to it by this Act, * * * comply with *such rules and regulations concerning labor* * * * as the District may deem desirable or as may be requested by the United States of America, * * *."

We hold that in the absence of any contract with the Authority, the Union has no right to call a strike to coerce the Authority into exercising a discretionary power. It is immaterial as to why the Authority refused to enter into the contract.

The judgement of the trial court is affirmed.

WILLIAMS, V. C. J., and CORN, HALLEY and HUNT, JJ., concur.

BLACKBIRD, J., dissents.