TURNPIKE AUTHORITY — COLLECTIVE BARGAINING Oklahoma Turnpike Authority is without authority to enter into collective bargaining agreements with representatives of its employees, but may consult with such representatives concerning matters in which it has discretion. We have considered your request for an opinion in which you asked the following question: "May the Oklahoma Turnpike Authority recognize, bargain with or contract with any labor union or other employee organization as bargaining agent for its employees?" There can be no doubt that employees of the Oklahoma Turnpike Authority are State employees. Attorney General's Opinion No. 63-456, dated October 3, 1963, refers to 69 O.S. 653 [69-653] (1961), and the case of Application of Oklahoma Turn pike Authority, Okl. 348 P.2d 510 to uphold that position. That opinion states in part: "Since the Oklahoma Turnpike Authority has been specifically designated an instrumentality of the State and the exercise of its powers held to be an essential governmental function of the State it follows as a matter of course that its employees are employees of the state." This position is further upheld by Attorney General's Opinion No. 66-108, dated January 18, 1966, which stated that it was permissible to place employees of the Oklahoma Turnpike Authority under provisions of the Merit System. It should further be noted that an individual's right to form and join a labor union is constitutionally protected under both the First and the Fourteenth Amendments to the Constitution of the United States. This was stated by the United States Court of Appeals for the 8th Circuit in AFSCME v. Woodward, 406 Fed. 2d 137 (1969) wherein 391 they held: "Union membership is protected by the right of association under the First and Fourteenth Amendments." See also McLaughlin v. Tilendis, 398 Fed. 2d 287 (7th Cir. 1968); Thomas v. Collins, 323 U.S. 516, 65 S.Ct. 315,89 L.Ed 430; Hague v. CIO, 307 U.S. 496, 59 S.Ct. 594,83 L.Ed 1433; Griswold v. Connecticut, 381 U.S. 479,85 S.Ct. 1678, 14 L.Ed.2d 510. In addition, the right of public employees to organize can be said to have been affirmed by an Attorney General's Opinion issued March 31, 1960, which stated in part: ". . . The laws of Oklahoma do not impose prohibitions on the organization of State employees by labor unions." Title 69 O.S. 1703 [69-1703] (1968), is the Act which created the "Oklahoma Turnpike Authority". Section (f) reads: "The Authority created by this Act shall be the legal successor to the Oklahoma Turnpike Authority created by 69 O.S. 653 [69-653] (1961), and shall assume all powers, duties, obligations and responsibilities of said Authority, and is empowered to take charge immediately." Title 69 O.S. 655 [69-655](k) (1961), is applicable to the present Oklahoma Turnpike Authority, and reads in part as follows: "The Authority is hereby authorized and empowered: "(k) To make and enter into all contracts and agreements necessary or incidental to the performance of its duties and the execution of its powers under this Act, and to employ . . . such other employees and agents as may be necessary in its judgment and to fix their compensation; . . ." One of the few Oklahoma cases in this area is International Brotherhood of Electrical Workers v. Grand River Dam Authority, Okl., 292 P.2d 1018. This was an action by the GRDA to enjoin the IBEW from continuing a labor strike of the Authority's employees. The strike had been called by the Union because the Authority had refused to enter into a proposed contract with the Union. The Legislative Act which created the GRDA gives it the right to "enter into contract with labor unions". The Court held that "the power given the Authority to enter into contracts with labor unions was discretionary and not mandatory," and in conclusion, stated: "We hold that in the absence of any contract with the Authority the union has no right to call a strike to coerce the Authority into exercising a discretionary power. It is immaterial as to why the Authority refused to enter into the contract." The Legislature gave the Oklahoma Turnpike Authority no specific authority to enter into contracts with labor unions, as was done in the GRDA case. 69 O.S. 655 [69-655](k) (1961) might be construed to delegate this right to the Authority by implication. See, e.g., Local 266, IBEW v. Salt River Project Agric. Improv. Power Dist., 78 Ariz. 30,38-39, 275 P.2d 393, 398-99 (1954). However, we are of the opinion that, absent specific legislation, the Turnpike Authority is without power to enter into a collective bargaining agreement concerning wages with a representative of the employees under the following language expressed at page 1020 of International Brotherhood of Electrical Workers v. Grand River Darn Authority, supra: "The employees of the Authority are working for the State of Oklahoma. It is fundamental that the Legislature has the responsibility and duty of determining the salaries of the State's officers and employees. As to the Authority's employees, the Legislature has delegated this responsibility to the directors of the Grand River Dam Authority in Section 862 of the Title. If the Legislature becomes dissatisfied with the compensation provided by the directors of the Authority, it is the right and privilege of the Legislature to repeal such delegated authority and fix the salaries of the employees of the Authority by law." This same theory of the legislative prerogative would apply to every aspect of employment including safety until such time as this Court reverses the theory expressed in the GRDA case or the Legislature specifically delegates the right to enter into binding collective bargaining agreements. We can find no power in the Turnpike Authority to enter into collecting bargaining agreements. We do not conclude from the GRDA case that the Turnpike Authority is prohibited from consulting with representatives of its employees concerning those matters in which it has discretion, but it may not contract or agree to terms or conditions of employment with the employees' representatives. It is, therefore, the opinion of the Attorney General that until specific legislative authority is granted the Oklahoma Turnpike Authority is without power to enter into collective bargaining agreements with its employees' representatives, but may consult with such representatives concerning matters in which it has discretion. (Gary M. Bush)