Dear Representative, Tad Jones,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
1. Whether the employees of a fire protection district havethe right: (a) to organize as a labor union; (b) to collectivelybargain concerning wages, hours and other terms and conditions ofemployment; (c) to enter into a collective bargaining agreementconcerning such matters with the board of directors of thedistrict; and (d) to be represented by a collective bargainingrepresentative of their choice?
 2. Whether the board of directors of a fire protectiondistrict has the authority necessary to enter into a collectivebargaining agreement with its employees, should it wish to doso?
 I. Fire Protection Districts
¶ 1 In Oklahoma, a fire protection district may be established for lands located outside the corporate limits of a city or town by order of the board of county commissioners and approval of three-fifths (3/5) of the district voters. 19 O.S. 1991, §901.1[19-901.1]; 19 O.S. Supp. 2000, § 901.4[19-901.4]. Expenses of the district are financed using ad valorem property tax assessments (id. § 901.19(B)) and revenue bonds (19 O.S. 1991, § 901.15[19-901.15]), and the district is deemed a political subdivision of this State (19 O.S. Supp. 2000, § 901.7[19-901.7](B)). Generally, the district may employ firefighters and acquire firefighting equipment and housing.Id. § 901.7(A) (3-4, 6). All powers and duties of the district are vested in a board of directors (id. § 901.7(A)) which is selected by popular election (19 O.S. Supp. 2000, § 901.5[19-901.5](B)).
 II. Rights Of Fire Protection District Employees
¶ 2 You first ask whether the employees of a fire protection district have the right: (a) to organize as a labor union; (b) to collectively bargain concerning wages, hours and other terms and conditions of employment; (c) to enter into a collective bargaining agreement concerning such matters with the board of directors of the district; and (d) to be represented by a collective bargaining representative of their choice.
¶ 3 As to your first question, generally, the formal right to organize as a labor union is preempted by federal law, namely the National Labor Relations Act ("the Act"). 29 U.S.C. §§ 151 — 169
(1998). The Act establishes the principle that employees in the private sector should be allowed to organize into labor unions and bargain collectively concerning wages and working conditions. Public employers are exempted from the Act because the defined term "employer" explicitly excludes "the United States . . . or any State or political subdivision thereof." Id. § 152(2). Since a fire protection district is a political subdivision of this State, by operation of 19 O.S. Supp. 2000, § 901.7[19-901.7](B), the Act (29 U.S.C. § 152(2)) does not apply.
¶ 4 In 1971, the Oklahoma Legislature first enacted collective bargaining legislation for three groups of public employees: municipal fire departments, municipal police departments, and public school teachers. See "Fire and Police Arbitration Statutes" (11 O.S. 1991 Supp. 2000, §§ 51-101 — 51-113); as to teachers, see the "Negotiation Between School Employees and Districts Act" (70 O.S. 1991 Supp. 2000, §§ 509.1 — 509.10). In the "Fire and Police Arbitration Statutes" the Legislature defined the term:
 "Collective bargaining" [to] mean the performance of the mutual obligation of the municipal employer or his designated representatives and the representative of the employees to meet at reasonable times, including meetings appropriately related to the budgetmaking process; to confer in good faith with respect to wages, hours and other conditions of employment, or the negotiation of an agreement, or any question arising thereunder; and to execute a written contract incorporating any agreement reached if requested by either party. Such obligation shall not, however, compel either party to agree to a proposal or require the making of a concession.
11 O.S. 1991, § 51-102[11-51-102](5).
¶ 5 As to public school teachers, the "Negotiation Between School Employees and Districts Act" does not define the term collective bargaining; rather, a procedure is outlined so that "[t]he board of education and the representatives of the organization must negotiate in good faith on wages, hours, fringe benefits and other terms and conditions of employment." 70 O.S. Supp. 2000, § 509.6[70-509.6].
¶ 6 In contrast to the Oklahoma statutes discussed above for municipal fire departments, municipal police departments, and public school teachers, there is no Oklahoma law which specifically provides for the organization of employees of a fire protection district as a labor union or for their "collective bargaining" (as that term is used above) with the board of directors of the district. However:
 [A]n individual's right to form and join a labor union is constitutionally protected under both the First and the Fourteenth Amendments to the Constitution of the United States.
A.G. Opin. 71-366, at 391 (citing AFSCME v. Woodward,406 Fed. 2d 137 (8th Cir. 1969)). In this Opinion the Attorney General reviewed the statutory powers of the Oklahoma Turnpike Authority to determine if it had authority to recognize, bargain, or contract with any labor union or employee organization. The Attorney General noted that "[t]he laws of Oklahoma do not impose prohibitions on the organization of State employees by labor unions." Id. at 392 (quoting A.G. Opin. March 31, 1960). Therefore, employees of a fire protection district, as individuals, could voluntarily assemble and organize as a labor union or an association of employees.
¶ 7 In answer to questions (1)(b), (c) and (d), these employees could not use the Act or a State statute to compel collective bargaining with the district. However, the employees could discuss the various terms and conditions of their employment with the board, if the board chose to do so. Finally, the ability of the employees to "collectively bargain" and enter into a "collective bargaining agreement," or choose a "collective bargaining representative," as those terms are commonly used in labor law, with the board of directors of the district are subject to limitations which are discussed below.
 III. Limitation Of Fire Protection Districts To Enter Into Collective Bargaining Agreements
¶ 8 In your second question, you ask whether the board of directors of a fire protection district has the authority necessary to enter into a collective bargaining agreement with its employees, should it wish to do so. The statutes authorizing the creation of fire protection districts specifically deem them to be political subdivisions of this State (19 O.S. Supp. 2000,§ 901.7[19-901.7](B)) and grant to them sovereign powers such as the levy of assessments upon the ad valorem taxed property of the district (id. § 901.19(A), (B)), the power to promulgate rules for the prevention of fires in the district (id. § 901.7(A)(8)), and the power to take real property by condemnation (id. § 901.7(A)(5)). Also, the board of directors of a fire protection district is granted the statutory power and duty to:
 1. Manage and conduct the business affairs of such district;
2. Make and execute all necessary contracts;
. . . .
 4. Appoint fire company officers and employees, sufficient to maintain and operate the equipment owned by such district;
. . . .
 7. Employ such officers and employees as may be required, fix their compensation and prescribe their duties; [and]
. . . .
 12. Do any and all other things necessary and proper in the management and operation of the district for the purpose of protecting property within its boundaries from fire.
Id. § 901.7(A).
¶ 9 However, this legislative scheme, which was first enacted in 1949 and subsequently amended five times,[1] makes no special provision for employees of a fire protection district to collectively bargain with the district. This is in contrast to the Oklahoma statutes discussed above for municipal fire departments, municipal police departments, and public school teachers. The Legislature clearly stated its intent for municipal fire departments, municipal police departments, and public school teachers to collectively bargain and to enter into collective bargaining agreements with municipalities and school districts, respectively. However, the Legislature has not stated a similar intent or procedure for fire protection districts and their employees to collectively bargain or to enter into collective bargaining agreements with their employees. Thus, it appears that the Legislature does not intend for the board of directors of a fire protection district to collectively bargain or to enter into a collective bargaining agreement with its employees. "[L]egislative silence, when it has authority to speak, may be considered as giving rise to an implication of legislative intent." City of Duncan v. Bingham, 394 P.2d 456, 460 (Okla. 1964).
¶ 10 In International Brotherhood of Electrical Workers, LocalUnion 976 v. Grand River Dam Authority, 292 P.2d 1018 (Okla. 1956), the Oklahoma Supreme Court was asked to determine, in part, whether the Grand River Dam Authority, an agency of this State, had the legal right and power to contract with a labor union on wages and labor conditions. Pursuant to 82 O.S. 1951, §862[82-862] the Authority was authorized:
 To appoint officers, agents, and employees, to prescribe their duties and to fix their compensation; and enter into contracts with labor unions. . . .
Id. at 1021 (emphasis added). The Court upheld the statutory power given the Grand River Dam Authority to "enter into contracts with labor unions" and determined it to be exercisable only at the Authority's discretion. Id.
¶ 11 Attorney General Opinion 71-366 reviewed similar statutory language as to the Oklahoma Turnpike Authority to determine whether it had authority to "recognize, bargain with or contract with any labor union or other employee organization as bargaining agent for its employees." Id. at 391. A.G. Opin. 71-366, citing 69 O.S. 1961, § 655[69-655](k), reads as follows:
The Authority is hereby authorized and empowered:
 (k) To make and enter into all contracts and agreements necessary or incidental to the performance of its duties and the execution of its powers under this Act, and to employ . . . such other employees and agents as may be necessary in its judgment and to fix their compensation[.]
Id. at 392 (emphasis added). Referring to page 1020 of GrandRiver Dam Authority, the Attorney General observed that:
 [L]egislative prerogative would apply to every aspect of employment including safety until such time as this [Supreme] Court reverses the theory expressed in the GRDA case or the Legislature specifically delegates the right to enter into binding collective bargaining agreements.
Id. at 393. In conclusion, the Attorney General opined:
 [T]hat until specific legislative authority is granted[,] the Oklahoma Turnpike Authority is without power to enter into collective bargaining agreements with its employees' representatives, but may consult with such representatives concerning matters in which it has discretion.
Id. (emphasis added).
¶ 12 Because the Legislature clearly stated its intent for municipal fire departments, municipal police departments, public school districts, and the Grand River Dam Authority to enter into contracts with labor unions, and because the Legislature did not state a similar intent or procedure for fire protection districts and their employees to collectively bargain or to enter into collective bargaining agreements in original or amendatory legislation, we conclude that the board of directors of a fire protection district does not have the statutory authority necessary to collectively bargain or enter into a collective bargaining agreement with its employees. Absent such authority, there is also no collateral right of the district employees to be represented by a collective bargaining representative. However, if the board of directors so chooses, it may consult with representatives of the employees concerning general matters in which the board has discretion.
¶ 13 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. Employees of a fire protection district, establishedpursuant to 19 O.S. 1991, § 901.1: (a) have the right tovoluntarily organize as a labor union or an association ofemployees, (b) do not have the right to bargain collectivelyconcerning wages, hours and other terms and conditions ofemployment, but may discuss the various terms and conditions oftheir employment with the board of directors of the district, ifit so chooses, (c) do not have the right to enter into acollective bargaining agreement with the board of directors ofthe district due to limitations of the district, and (d) absentsuch authority, do not have a collateral right to be representedby a collective bargaining representative.
 2. The board of directors of a fire protection district doesnot have the statutory authority necessary to enter into acollective bargaining agreement with its employees. However, ifthe board so chooses, it may consult with representatives of theemployees concerning general matters in which the board hasdiscretion.
W.A. DREW EDMONDSON Attorney General of Oklahoma
JOHN CRITTENDEN Assistant Attorney General
[1] The act was amended in 1982, 1983, 1987, 1992 and 1997.